# United States Court of Appeals
## For the First Circuit

No.  04-1396
     04-1397

SAOVRY VEN and BOPHA KIM,

Petitioners,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

PETITIONS FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Torruella, Selya, and Lynch, Circuit Judges.

John B. Seabrook on brief for petitioners.

Jamie M. Dowd, Attorney, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General, Civil Division, and David V. Bernal, Assistant Director, Office of Immigration Litigation, on brief for respondent.

October 22, 2004

**LYNCH**, <u>Circuit Judge</u>.  Petitioners Saovry Ven and her daughter, Bopha Kim, are natives and citizens of Cambodia.  They were admitted into the United States on July 13, 1997, as nonimmigrant visitors with authorization to remain until January 12, 1998; they overstayed.  On June 11, 1999, the former Immigration and Naturalization Service (INS) issued the petitioners a Notice to Appear, charging them with being removable for having remained in the United States for longer than permitted.

On August 31, 1999, the petitioners, with the assistance of counsel, appeared before an Immigration Judge (IJ).  They conceded removability and submitted an application for asylum, withholding of removal, and protection under Article III of the Convention Against Torture (CAT).  In the alternative, the petitioners sought voluntary departure.  In April, 2000, the IJ held the removal hearing.  On April 27, 2000, the IJ granted voluntary departure to the petitioners, and denied all other requested relief.  The petitioners timely appealed the IJ's order to the Board of Immigration Appeals (BIA).

While the appeal was pending, Ven says she married a Cambodian native who was granted asylum in the United States.  On August 7, 2002, she, along with her daughter, filed a motion with the BIA to hold their appeal of the IJ's order in abeyance, pending the outcome of her second husband's application for adjustment of status.  On March 25, 2003, the BIA issued a final order which

affirmed the IJ's decision to deny relief and also denied the motion to hold the appeal in abeyance, finding that Ven had failed to meet her burden to show the marriage was bona fide, that her husband had successfully adjusted his own status, or that an application to adjust status had been filed on behalf of either Ven or her daughter.

On April 21, 2003, the petitioners filed a motion to reopen and a renewed application for asylum with the BIA based on the changed personal circumstances of the petitioners and additional evidence of the turmoil in Cambodia. The BIA denied this motion on September 9, 2003.

On October 8, 2003, the petitioners filed a motion to reconsider the denial of the motion to reopen, and the BIA denied this motion on February 17, 2004. The BIA found that Ven and her daughter had not shown a factual or legal aspect of the case that the BIA had improperly overlooked and that they had not presented any new arguments which persuaded the BIA to alter its previous decision. The petitioners timely appealed to the First Circuit this February 17, 2004 decision of the BIA to deny the motion to reconsider the denial of the motion to reopen. We affirm the February 17, 2004 BIA decision. No timely appeal was taken from the BIA's March 25, 2003 order affirming the IJ's decision or the BIA's September 9, 2003 order denying the motion to reopen.

**I.**

Saovry Ven and her minor daughter, Bopha Kim, left Cambodia a few days after the coup of July, 1997. In this coup, Hun Sen overthrew the elected government of Prince Ranariddh, and many members of FUNCINPEC, the party supporting Ranariddh, were killed. Ven's first husband, An Kim, a member of the national police and FUNCINPEC, secured visas to the United States for himself and his family, but he did not join Ven and their daughter, Bopha Kim, in the United States. It appears that Ven's husband was killed, but the IJ found it is unclear why or by whom. Ven testified that she received this information by phone in August of 1998 from her brother, who still lives in Cambodia.

On June 5, 2001, after the IJ granted voluntary departure and while in the United States, Ven says she married Samnang Hin, also a native of Cambodia. He was a FUNCINPEC member, who fled Cambodia and was granted asylum in the United States.

Petitioners, Ven and her daughter, argued to the agency and to us that they qualify for asylum, withholding of removal, and protection under the CAT because they have a well-founded fear of future persecution due to the continuing persecution of FUNCINPEC members and their supporters by Hun Sen supporters. As the widow and daughter of a FUNCINPEC member, the petitioners also fear this type of retribution. Ven also believes that her recent marriage to a former FUNCINPEC member, who fled the country and received asylum

-4-

in the United States, exposes her and her daughter to an even greater threat if they are forced to return to Cambodia.

**II.**

The petitioners ask us to reverse (1) the BIA's order of March 25, 2003, affirming the IJ's denial of asylum, withholding of removal, and protection under the CAT, (2) the BIA's order of September 9, 2003, denying the motion to reopen based on changed personal and country circumstances, and (3) the February 17, 2004 denial of the motion to reconsider. The first two issues are not before us because petitioners failed to take a timely appeal from either of those orders.

All final BIA orders must be appealed to this court within 30 days. 8 U.S.C. § 1252(b)(1). "This need to timely appeal is a strict jurisdictional requirement." Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003). Petitioners incorrectly assume that no final order was entered when the BIA affirmed the IJ on March 25, 2003. That is not so. If petitioners wished to challenge that order, they had to file a petition with the court within the 30 days. A motion to reopen or reconsider does not toll the period for filing a petition for judicial review of the underlying order of deportation; in immigration cases the time to appeal denial orders continues to run despite the filing of motions to reopen or reconsider the denial of asylum, withholding of removal, and

-5-

protection under the CAT.  See Stone v. INS, 514 U.S. 386, 405-06 (1995); Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001).

Accordingly, the only issue before us is whether the BIA abused its discretion in denying the motion for reconsideration of its denial of the motion to reopen the petitioners' case.

**III.**

Motions for reconsideration shall state "the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."  8 C.F.R. § 1003.2(b)(1).  "The purpose of a motion to reconsider is not to raise new facts, but to demonstrate that the BIA erred as a matter of law or fact."  Zhang, 348 F.3d at 293.  The motion to reconsider alleges that the September 9, 2003 decision of the BIA not to reopen was defective in some regard.

The BIA's denial of reconsideration is reviewed only for abuse of discretion.  It must be upheld unless it "was made without a 'rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Id. (citing Nascimento, 274 F.3d at 28).  Because of the implications of these types of decisions for foreign relations, the "deference [given] to agency decisions on petitions for reopening or reconsideration in other administrative contexts apply with even greater force in the [immigration] context."  INS v. Abudu, 485 U.S. 94, 110 (1988).

The BIA's February 17, 2004 order denying the motion to reconsider its denial of the motion to reopen passes this deferential test.

The petitioners filed a motion for reconsideration and other relief on October 8, 2003. In the motion, they argued that the BIA committed factual error when denying the motion to reopen on September 9, 2003, by failing to consider the significance of the petitioners' changed circumstances, including reports of the current conditions in Cambodia of growing violence and political turmoil and Ven's recent marriage to Hin, a former FUNCINPEC member who is a political asylee in the United States. They argued that Ven's marriage to Hin will increase the potential of violence against Ven and Kim if they return to Cambodia.

Petitioners also argued that the BIA committed legal error when it relied on Matter of Coelho, 20 I&N Dec. 464 (BIA 1992), and 8 CFR § 1003.2(c)(1), in determining the evidentiary burden that the petitioners must meet in their motion to reopen.

In its February 17, 2004 decision denying the motion to reconsider its decision not to reopen the case, the BIA held that "[w]e find that none of the [petitioners'] contentions in their motion to reconsider reveals a factual or legal aspect of this case that was improperly overlooked, or presents a new argument which persuades us to alter our prior decision [denying the motion to reopen]."

This decision was not an abuse of discretion.  The BIA's order denying the motion to reopen did address the country condition information submitted by Ven and the allegations she made in her motion of changed circumstances.  The BIA decision not to reopen stated, "[b]y means of the current motion and the accompanying documents, the [petitioners] have not satisfied the heavy evidentiary burden relevant to reopening."  The BIA also noted it could not grant Ven's claim of derivative asylee status because neither the BIA nor the IJ had jurisdiction over this claim.

Further, the BIA did not commit legal error by relying on Matter of Coelho for the substantive requirements of a motion to reopen.  Matter of Coelho specifically states that "a party seeking reopening bears a 'heavy burden.'"  Matter of Coelho, 20 I&N Dec. at 472 (citing Abudu, 485 U.S. at 110).  This heavier burden is in accord with Supreme Court cases noting that motions for reopening or reconsideration of final decisions made in immigration proceedings are disfavored.  INS v. Doherty, 502 U.S. 314, 323 (1992); Abudu, 485 U.S. at 107.  The BIA also appropriately cited 8 C.F.R. § 1003.2(c)(1).  Section 1003.2(c)(1) guides the BIA's discretion in granting a motion to reopen.  It is this section that is relevant, not the ones cited by the petitioners.[1]

_____

[1] The petitioners argue that 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(iii), and 208.12(b)(1) govern in this situation. These provisions respectively deal with exceptions to the time

-8-

We affirm the BIA's denial of the motion to reconsider because it was not made "without a 'rational explanation, [it did not] inexplicably depart[] from established policies, or rest[] on an impermissible basis.'" Zhang, 348 F.3d at 293 (quoting Nascimento, 274 F.3d at 28).

## IV.

Accordingly, the petitions for review are **denied**.

---

limitation set forth in earlier provisions of the regulation, exceptions to filing deadlines in a reopening or reconsideration before the Immigration Court, and the original burden of proof faced by aliens in applying for asylum.