# United States Court of Appeals
## For the First Circuit

No. 04-1512

DOMINGOS JOAO LIBERAL DE ARAUJO,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE
OF THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Circuit Judge,

Campbell, Senior Circuit Judge,

and Lipez, Circuit Judge.

William E. Graves, Jr., with whom Kerry E. Doyle and Graves & Doyle, were on brief, for petitioner.
Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, Department of Justice, with whom Peter D. Keisler, Assistant Attorney General, and Donald E. Keener, Deputy Director, were on brief, for respondent.

February 23, 2005

**CAMPBELL**, <u>Senior Circuit Judge</u>.  Petitioner Domingos Joao Liberal De Araujo, a native and citizen of Portugal, challenges the finding of an Immigration Judge (IJ) that he is removable for having committed an aggravated felony.  He petitions this court to review the Board of Immigration Appeals' (BIA) denial of his motion to reopen sua sponte the removal proceedings.  We reject his petition for review for lack of jurisdiction.

**I.**

Petitioner entered the United States as a lawful immigrant on September 4, 1973.  On January 6, 1992, petitioner was convicted in Massachusetts state court of assault and battery with a dangerous weapon and was sentenced for the offense to two and one-half years' imprisonment.  On April 6, 2000, the former Immigration and Naturalization Service (INS) issued to petitioner a Notice to Appear, charging him with being removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii),[1] for having committed an aggravated felony, as defined in section 101(a)(43)(F) of the INA, 8 U.S.C. §

---

[1] 8 U.S.C. § 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

1101(a)(43)(F),[2] to wit, a crime of violence, as defined in 18 U.S.C. § 16.

Petitioner failed to appear for the scheduled hearing before the IJ on January 4, 2001, and, in absentia, the IJ ordered him removed. On April 2, 2001, the Massachusetts state court vacated the 1992 conviction for assault and battery with a dangerous weapon, and petitioner then moved to reopen the removal proceedings. On July 6, 2001, the IJ granted the motion to reopen.

On October 3, 2001, the former INS amended the original charging document. The amendment alleged that petitioner was removable on account of a November 7, 1995 Connecticut state conviction of assault on a Department of Corrections employee and also on account of a January 27, 2000 Massachusetts state conviction for a controlled substance offense. Removeability for the Connecticut assault was charged under section 237(a)(2)(A)(ii) of the INA and for the Massachusetts controlled substance offense under section 237(a)(2)(A)(iii) of the INA.[3]

---

[2] 8 U.S.C. § 1101(a)(43)(F) defines the term "aggravated felony" as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year."

[3] The amendment appears to misstate the particular provisions pursuant to which petitioner was subject to removal. The INS charged that petitioner was subject to removal under section 237(a)(2)(A)(ii) of the INA for having been convicted of an aggravated felony. The appropriate statute for an aggravated felony, however, is section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii). The INS further charged that petitioner was subject to removal under section 237(a)(2)(A)(iii) of the INA for

At a hearing before the IJ, petitioner argued that he was eligible for relief under former section 212(c) of the INA, 8 U.S.C. § 1182(c), because his 1995 conviction predated the repeal of section 212(c), and, despite his controlled substance offense, he would be eligible for cancellation of removal under section 240A of the INA, 8 U.S.C. § 1229b.[4]  On October 31, 2001, at another hearing before the IJ, the government argued that there was more than one drug conviction and that under the rationale of <u>Amaral</u> v. <u>INS</u>, 977 F.2d 33 (1st Cir. 1992), the subsequent conviction for possession made petitioner an aggravated felon and, therefore, ineligible for cancellation of removal.

_____

having been convicted of a controlled substance offense.  But the appropriate statute for a controlled substance offense, language from which the amendment includes, is section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i).  While multiple controlled substance offenses may amount to an aggravated felony, <u>see</u> <u>Amaral</u> v. <u>INS</u>, 977 F.2d 33 (1st Cir. 1992), the amendment only charged a single controlled substance conviction.

[4]Former section 212(c) of the INA, 8 U.S.C. § 1182(c), granted the Attorney General broad discretion to provide relief from exclusion and deportation to lawful permanent residents convicted of certain criminal offenses who had resided in the United States for seven consecutive years.  In 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) which, inter alia, repealed section 212(c) and replaced it with a new form of discretionary relief, "cancellation of removal," under section 240A of the INA, 8 U.S.C. § 1229b, which restricts eligibility for relief to a narrower class of candidates than did section 212(c).  <u>See</u> Pub. L. No. 104-208, 110 Stat. 3009-546 (1996); <u>INS</u> v. <u>St. Cyr</u>, 533 U.S. 289, 297 (2001).  That class, so narrowed, does not include anyone "convicted of any aggravated felony."  <u>Id.</u> (quoting 8 U.S.C. § 1229b(a)(3)).  In <u>St. Cyr</u>, the Supreme Court held that the repeal of section 212(c) by the IIRIRA did not apply retroactively to an alien who pled guilty to an aggravated felony prior to the repeal.  <u>Id.</u> at 315.

On February 13, 2002, after a hearing, the IJ ordered petitioner removed, finding (1) that the Connecticut assault conviction, while a "close call", was a crime of violence under 18 U.S.C. § 16 and, therefore, was a removable offense under 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii), and (2) that the existence of the Massachusetts drug convictions ruled out application for cancellation of removal. The IJ noted, however, that petitioner had pending in Massachusetts state court a motion to vacate the drug convictions. If that motion were to be granted, the IJ stated that petitioner would become eligible to seek relief under former section 212(c) of the INA, 8 U.S.C. § 1182(c).

Petitioner timely filed a notice of appeal to the BIA from the order of removal, stating he would file a brief in support of the appeal. On May 8, 2002, petitioner requested an extension of time to file his appellate brief, and the BIA granted an extension to June 21, 2002. The BIA did not, however, receive the brief until June 24, 2002. Accordingly, it rejected the brief as untimely. On July 8, 2002, the BIA summarily dismissed the appeal, citing petitioner's failure to have filed a brief. On the same day, petitioner moved the BIA to consider his tardily-filed brief, blaming Federal Express for the brief's late delivery.[5] That motion was received by the BIA subsequent to issuance of its July

---

[5]It appears that the wrong zip code had been provided, but petitioner asserted that Federal Express had the remaining proper information in order to deliver the brief.

-5-

8, 2002 order dismissing the appeal, and it does not appear the BIA took any action with regard to it. Petitioner did not at any time thereafter petition this court for review of the BIA's dismissal of the appeal and of the underlying removal order which thereupon became effective, infra.

On July 26, 2002, petitioner moved the BIA to reconsider its July 8, 2002 summary dismissal of his appeal. The BIA denied that motion on December 23, 2002. On January 22, 2003, petitioner moved the BIA to reopen. The BIA denied the motion, reasoning that it was, "in essence," a second motion to reconsider that exceeded the numerical limit of one motion to reconsider allowed under 8 C.F.R. § 1003.2(b)(2).

On November 19, 2003, upon petitioner's motion, the Massachusetts court vacated his state convictions for controlled substance offenses. This was done in response to petitioner's affidavit that he entered guilty pleas in 1998 and 1999 "while [he] was addicted to both heroin and cocaine," and that he "was so addicted that when [he] entered [his] pleas of guilty, [] the only thing [he] remember[ed] was that [he] was not going to jail."

On November 20, 2003, pointing to the vacation of his Massachusetts controlled substance convictions, petitioner moved the BIA to reopen the removal proceedings sua sponte. Petitioner acknowledged that convictions vacated in order to avoid immigration consequences remain countable under the INA. See Matter of

-6-

Pickering, 23 I. & N. Dec. 621, 625 (BIA 2003) (affirming removal on basis of quashed conviction where "quashing of the conviction was not based on a defect in the conviction or in the proceedings underlying the conviction, but instead appears to have been entered solely for immigration purposes"). He stated that, while the Massachusetts state case record was "unclear as to all of the factual reasons for the Court's decision," his affidavit in support of the motion to vacate the convictions "certainly suggests that the pleas were entered without sufficient clarity of mind to render them knowing and intelligent." Petitioner's motion further asserted that his convictions prior to 1996 were waivable under section 212(c) in accordance with St. Cyr. See 533 U.S. at 315. Petitioner "acknowledge[d] that he ha[d] met and/or exceeded the allowable number of Motions to Re-open and/or Reconsider," but he requested the BIA to invoke its sua sponte authority to reopen the case because of his "clear eligibility for a 212C Hearing" on the question of whether the INS would waive his Connecticut conviction for assault on the Department of Corrections employee.

On March 22, 2004, the BIA issued an order and explanation denying petitioner's motion to reopen. The BIA described petitioner's affidavit in support of his motion to vacate his Massachusetts drug convictions as "extremely limited in nature," and stated that the BIA would "need more information before [it] [found] that [the] reason for the vacating of his

-7-

convictions is sufficiently unrelated to the immigration consequences arising from his convictions."  The BIA went on to note that while three of petitioner's four convictions, two for assault (one with a dangerous weapon) and two for controlled substances, had been vacated, none were vacated on the ground that petitioner was not factually guilty.  Moreover, at the time he filed his affidavit in support of vacating the drug convictions he was incarcerated for probation violations.  The BIA concluded that these factors "do not support the reopening of proceedings to apply for discretionary relief which we do not believe [petitioner] merits in the exercise of our discretion."  From this denial by the BIA of his motion to reopen, petitioner filed a timely petition for review in this court.

## II.

Petitioner advances two contentions in support of his present petition for review from the BIA's denial of reopening. First, he argues that his remaining November 7, 1995 conviction for assault against a Connecticut Department of Corrections employee did not constitute an aggravated felony.  Second, he claims that the BIA abused its discretion in failing to reopen his removal proceedings.  We lack jurisdiction over both claims.

### A.  The IJ's Order of Removal

Whether petitioner's 1995 conviction of an assault on a Connecticut Department of Corrections employee did or did not

amount to an aggravated felony is not an issue now open for review. The IJ's February 12, 2002 ruling that the 1995 conviction was a crime of violence under 18 U.S.C. § 16 and, therefore, an aggravated felony which rendered petitioner subject to removal, became final on July 8, 2002 when the BIA dismissed his appeal from the IJ's February 12, 2002 order. See 8 C.F.R. § 241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals . . . ."). Petitions for review addressed to this court from BIA orders must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This time limit is "a strict jurisdictional requirement." Ven v. Ashcroft, 386 F.3d 357, 359 (1st Cir. 2004) (quoting Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003)). Here, petitioner never filed a timely petition for review of the BIA's dismissal of his appeal and of the underlying removal order based in part on the Connecticut assault conviction.

We note that the running of the 30-day period for filing a petition for review was not interrupted by petitioner's subsequent motions to reopen or reconsider. See id. at 359-60 ("A motion to reopen or reconsider does not toll the period for filing a petition for judicial review of the underlying order of deportation; in immigration cases the time to appeal denial orders

continues to run despite the filing of motions to reopen or reconsider . . . ."). Because petitioner never filed in this court a petition for review within thirty days of the BIA's July 8, 2002 dismissal of the appeal from the IJ's order of removal, we now lack jurisdiction to review the correctness of the IJ's underlying finding that the 1995 Connecticut conviction of assault was for an aggravated felony.

Petitioner, it is true, filed a timely petition for review of the BIA's subsequent March 22, 2004 order denying his later motion to reopen. But neither petitioner's motion to reopen nor the BIA's March 22, 2004 order addressed the claim that the 1995 Connecticut conviction was not a crime of violence, hence not an aggravated felony warranting removal. The strict jurisdictional bar thus precludes our present consideration of petitioner's contention that his 1995 conviction was not a crime of violence, because that claim is nowhere included in the matters covered by the present motion to reopen and the BIA's ruling thereon. Petitioner never filed a timely petition for review raising that claim. See 8 U.S.C. § 1252(b)(1); Ven, 386 F.3d at 359.

B. **The BIA's Denial of the Motion to Reopen**

Petitioner further contends that the BIA abused its discretion in denying his November 20, 2003 motion to reopen his removal proceedings sua sponte so that he could pursue a section 212(c) waiver now that his drug convictions have been vacated.

-10-

Petitioner also argues that, by failing to reopen its proceedings, the BIA deprived him of his constitutional right to due process because he was not granted a fair opportunity to establish his eligibility for relief from removal under section 212(c) of the INA or to present to an IJ his case for such discretionary relief. See Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999) (holding that due process argument based on ineffective assistance of counsel "does not involve a matter that Congress committed to agency discretion"); Ravindran v. INS, 976 F.2d 754, 762 (1st Cir. 1992) ("claims of a denial of due process may be exempt from [the exhaustion requirement] where they are of the kind the BIA could not adjudicate because of their predominantly constitutional character").

Because we conclude above that we lack jurisdiction to review petitioner's claim that his assault conviction was not for a crime of violence, he remains removable on that ground, and we lack jurisdiction to reach his other claims on direct review. INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); Emile v. INS, 244 F.3d 183, 189 (1st Cir. 2001) ("Because Emile was convicted of an aggravated felony, we have no authority to consider on direct review any other claim once we conclude that he was legitimately so classified."); Sousa v. INS, 226 F.3d 28, 34 (1st Cir. 2000) ("[H]aving determined that [Sousa] is removable as an aggravated felon, our authority to act in this case with respect to the

-11-

removal proceeding, including incidental rulings on discretionary relief, is at an end.").

## III.

The petition for review is dismissed for lack of jurisdiction. So ordered.