**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-2258

JULIA AGUSTIEN KANDIO,

Petitioner,

v.

ALBERTO R. GONZÁLES, ATTORNEY GENERAL,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

---

Before

Boudin, Chief Judge,

Lipez and Howard, Circuit Judges.

---

Yan Wang and Law Office of Matthew Jeon, P.C. on brief for
petitioner.
Maria M. Mlynar, Department of Justice, Civil Division, Office
of Immigration Litigation, Peter D. Keisler, Assistant Attorney
General, Civil Division, and Linda S. Wernery, Senior Litigation
Counsel, Office of Immigration Litigation, on brief for respondent.

---

June, 3, 2005

---

**Per Curiam**.  Julia Agustien Kandio is a native and citizen of Indonesia who entered the United States on September 22, 1991.  She stayed beyond the expiration of her temporary visa on March 21, 1992, and on July 9, 2001, filed an application for asylum and withholding of removal, which was denied.  The Immigration and Naturalization Service issued a Notice to Appear on November 15, 2001, charging her with removability under 8 U.S.C. § 1227(a)(1)(B) (2000) as a nonimmigrant alien who remained in the United States longer than permitted.  Kandio conceded removability but sought relief on the ground that she feared religious persecution for being Christian.

At her removal hearing on January 8, 2002, Kandio testified that members of her principally Muslim community in Indonesia threatened Christians and once ransacked her home, that her husband's family harassed her and her husband (who had converted to Christianity) because of their faith, and that she came to the United States with her son when the family threatened to kill him if he became a confirmed Christian.  Her husband remained in Indonesia.  Kandio testified that she learned from her own family about escalating "problems" between Muslims and Christians starting in 1998, and that they told her that they were afraid to go to church and that it was not safe for her to return to Indonesia.

At the conclusion of the hearing, the immigration judge determined that Kandio was ineligible for asylum because her application was not timely. The judge also denied her application for withholding of removal. Although he found Kandio to be credible, he found that she failed to establish a clear probability of persecution if she returned to Indonesia.

Kandio filed a notice of appeal to the Board of Immigration Appeals ("Board") on January 10, 2002, indicating that she would file a brief for the appeal. After her attorney was granted one extension for filing a brief, a second extension request was denied on August 5, 2002, and on August 7, 2003, the Board summarily dismissed Kandio's appeal under 8 C.F.R. § 1003.1(d)(2)(i)(E), for failing to file a brief without adequate explanation.

Kandio timely filed a motion before the Board to reopen the proceedings. Supporting the motion was an affidavit from Kandio's cousin stating that the husband's family had (when Kandio was in Indonesia) threatened to kill Kandio and her son; letters from Kandio's parents and a friend describing attacks and threats against Christians, and saying that "people" were searching for Kandio; as well as a number of articles describing Indonesian religious strife. On April 8, 2004, the Board denied the motion to reopen, despite finding that the new evidence was material and not previously available. The Board concluded that the motion did not

cure her untimely asylum application, and that the evidence (old and new) did not establish that she was more likely than not to be persecuted or tortured because she failed to establish that the threat "exists on a country-wide basis."

Kandia filed a second motion to reopen with the Board on July 8, 2004, that included certificates of her parents' death and her sister's hospitalization, a letter saying that the sister had suffered mental distress because of conditions in Indonesia, and other background materials. The Board denied her motion on August 17, holding that Kandio's second motion both exceeded the maximum number of motions to reopen--which is one, see 8 C.F.R. § 1003.2(c)(2)--and was also untimely, being filed more than 90 days, see id., after the Board's final order on August 7, 2003.

The Board also held that the exception of 8 C.F.R. § 1003.2(c)(3)(ii)--permitting an additional motion to reopen based on newly available material evidence of changed circumstances in the country--was inapplicable because the information about her family only amounted to changed personal circumstances. It also concluded that the background evidence of "some attacks on Christian churches, and some fighting between Muslims and Christians" did not remedy her untimely asylum application and did not show a "clear probability of persecution" or torture in Indonesia.

Kandio filed a petition for review in this court on September 16, 2004, which was timely as to her second motion to reopen. However, she did not file a petition for review within thirty days either of the Board's initial affirmance of the immigration judge's decision, or of its denial of her first motion to reopen. "All final [Board] orders must be appealed to this court within 30 days." Ven v. Ashcroft, 386 F.3d 357, 359 (1st Cir. 2004); see 8 U.S.C. § 1252(b)(1). "A motion to reopen or reconsider does not toll the period for filing a petition for judicial review of the underlying order"; rather, "the time to appeal denial orders continues to run despite the filing of motions to reopen or reconsider." Ven, 386 F.3d at 359-60; see also Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003). As a result, we lack jurisdiction to review either the Board's initial affirmance or its denial of Kandio's first motion to reopen proceedings. See De Araujo v. Ashcroft, 399 F.3d 84, 88 (1st Cir. 2005); Zhang, 348 F.3d at 292.

We review the denial of a motion to reopen for abuse of discretion. Jupiter v. Ashcroft, 396 F.3d 487, 490 (1st Cir. 2005) ("regardless of the substantive claim involved"); Maindrond v. Ashcroft, 385 F.3d 98, 100 (1st Cir. 2004). To survive the bar on multiple or late motions to reopen, the petitioner's motion must be "based on changed circumstances arising in the country . . . if such evidence is material and was not available and could not have

-5-

been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). We agree with the Board that the death of Kandio's parents was a matter of personal circumstances and did not establish changed circumstances in Indonesia relevant to Kandio's relief.

The remaining material is the documentation purporting to establish that Kandio's sister suffered a stroke caused by the situation in Indonesia; several articles describing attacks on five Christian churches (including the destruction of church property and the beating of a pastor and a church member) in June 2004; descriptions of regulatory restrictions on churches along with some church closings and threats in March and April of 2004; an article describing sectarian fighting in a city in the Malaku islands that killed 37 people in spring 2004; and several articles dated in 2002 describing violence during the period from 1999 to 2002, including anti-Christian violence in 2000 and 2001 in the Malaku Islands during which 15,000 Christians were reportedly killed.

The Board did not abuse its discretion in finding that Kandio's evidence was inadequate to provide her relief: one part of the background material described only scattered incidents of violence against several churches and their members (as well as providing somewhat vague accounts of tightening regulatory restrictions) that reflected, at most, a continuation of the kinds of circumstances that the Board had previously considered; the

other part described more serious violence, but this violence was several years in the past and evidence of those conditions (if even still relevant) could have been provided earlier. Kandio's sister's illness is primarily a personal circumstance. This evidence is insufficient to establish the requisite changed conditions.

The rest of Kandio's claims on this appeal are attacks upon the affirmance of the immigration judge's removal decision and the Board's denial of her first motion to reopen (and include a meritless attack on alleged procedural irregularities in her proceeding), and are therefore beyond our jurisdictional purview now.

The petition for review is <u>denied</u>.