[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11486
Non-Argument Calendar

_____

Agency Nos. A78-312-704, A78-312-705

JAVIER FRANCISCO CORTES-RAMIREZ,
ANGELA MARIA SALAZAR-GRISALES,

                                            Petitioners,

    versus

U.S. ATTORNEY GENERAL,

                                            Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals

_____

(August 23, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

    Javier Francisco Cortes-Ramirez and his niece, Angela Maria Salazar-

Grisales [collectively the "petitioners"], petition for review of an order issued on

February 18, 2005 of the Board of Immigration Appeals ("BIA") denying a motion

to reconsider its previous order of December 3, 2004 affirming the decision of the

Immigration Judge ("IJ"), who had denied asylum and withholding of removal

under the Immigration and Nationality Act ("INA").[1]  On appeal, the petitioners,

natives and citizens of Colombia, argue primarily about the BIA's December 3,

2004, affirmance of the IJ's original denial of asylum and withholding of

removal.[2]_____

## I. Subject Matter Jurisdiction

We are "obligated to inquire into subject-matter jurisdiction sua sponte

whenever it may be lacking."  Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir.

2004) (quotation omitted).  While we generally have jurisdiction to review final

orders of removal, the petition for review must be filed within 30 days of the date

of the final order of removal.  See INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1),

(b)(1).  "Since the statutory limit for filing a petition for review in an immigration

---

[1]The petitioners abandoned any argument related to the denial of relief pursuant to the United Nations Convention Against Torture and other Cruel, Inhumane, and Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c), by failing to raise an argument on this issue in their brief on appeal.  See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

[2]Because the petitioners' removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), govern their petition for review.

proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling. Furthermore, the filing deadline is not suspended or tolled by the fact that [the petitioner] filed a [timely] motion to reopen the removal proceedings . . . after issuance of the final order of removal." Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2004) (citing Stone v. INS., 514 U.S. 386, 395, 405, 115 S.Ct. 1537, 1544, 1549, 131 L.Ed.2d 465 (1995)). A motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. Stone, 514 U.S. at 405-06, 115 S.Ct. at 1549 (construing the former 90-day period for filing a petition for review under the INA § 106(a)(1), 8 U.S.C. § 1105(a)).

To be timely from the BIA's December 3, 2004, order affirming the IJ's opinion and ordering the petitioners removed, the petitioners' petition for review should have been filed by January 2, 2005. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). The petitioners did not file their petition for review of a final order of removal until March 17, 2005. Thus, we lack jurisdiction to consider the petitioners' underlying asylum and withholding of removal claims. Accordingly, we dismiss any portion of the motion for reconsideration addressing these claims.

## II.  Motion for Reconsideration

We review the BIA's denial of a motion for reconsideration for an abuse of discretion, similar to the denial of a motion to reopen. See Assa'ad v. U.S. Attorney Gen., 332 F.3d 1321, 1341 (11th Cir. 2003); cf. Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (addressing a motion to reopen) (quotation omitted). The BIA's decision to deny a motion for reconsideration should be upheld "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis. Ven v. Ashcroft, 386 F.3d 357, 360 (1st Cir. 2004) (quotations omitted).

Under the regulations, a motion for reconsideration must specify "the errors of fact or law in the prior [BIA] decision." 8 C.F.R. § 1003.2(b)(1). "A motion to reconsider asserts that at the time of the Board's previous decision an error was made." Matter of Cerna, 20 I & N Dec. 399, 402 (BIA 1991). When the BIA reconsiders one of its prior decisions, it takes itself "back in time and consider[s] the case as though a decision in the case on the record . . . had never been entered." Id. Persuasive authority has held that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters

4

that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quotation omitted); Strato v. Ashcroft, 388 F.3d 651, 655 (8th Cir. 2004). "The repetition of previous arguments is not sufficient to prevail" on a motion for reconsideration. Ahmed, 388 F.3d at 249 (quotation omitted).

The petitioners have arguably abandoned any challenge to the denial of their motion for reconsideration because they advance no arguments in their brief regarding the motion. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003). However, even if the petitioners have not abandoned their claim, it still fails. Because the petitioners failed to specify the errors of fact or law in the prior BIA decision and simply repeated their prior arguments that the BIA had considered and rejected, the BIA did not abuse its discretion in denying the petitioners' motion for reconsideration. 8 C.F.R. § 1003.2(b)(1); see Ahmed, 388 F.3d at 249.

**PETITION DISMISSED IN PART AND DENIED IN PART.**