**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2368

FARID BELGUENDOUZ
Petitioner,

v.

ALBERTO GONZÁLES,[*]
UNITED STATES ATTORNEY GENERAL,
Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before
Torruella, Circuit Judge,
Dyk,[**] Circuit Judge,
and Howard, Circuit Judge.

Christopher W. Drinan, with whom Law Office of John K. Dvorak, P.C., was on brief, for petitioner.
William C. Peachey, Trial Attorney, Office of Immigration Litigation, with whom Peter D. Keisler, Assistant Attorney General, Civil Division, and Michael P. Lindemann, Assistant Director, were on brief, for respondent.

December 2, 2005

---

[*] Alberto Gonzáles was sworn in as United States Attorney General on February 3, 2005. We have therefore substituted Attorney General Gonzáles for John Ashcroft as the respondent. See Fed. R. Civ. P. 25(1); Fed. R. App. P. 43(c)(2).

[**] Of the Federal Circuit, sitting by designation.

**TORRUELLA, Circuit Judge.** Petitioner Farid Belguendouz ("petitioner") appeals the denial of a motion to reconsider by the Board of Immigration Appeals ("BIA"). He argues that the BIA's decision was erroneous and an abuse of discretion because his submission of an Immigrant and Naturalization Service ("INS")[1] filing receipt for an I-140 Immigrant Petition for an Alien Worker served as prima facie evidence that his Application for Alien Labor Certification had been approved. Because the BIA's order did not constitute an abuse of discretion, we affirm the BIA's decision.

## I. Background

Petitioner is a native and citizen of Algeria. He entered the United States on September 29, 1999, as a non-immigrant visitor and was authorized to remain in the country until March 28, 2000. Petitioner overstayed, and on January 16, 2003, the INS placed petitioner in removal proceedings. The INS alleged that petitioner was removable as an alien who had overstayed a non-immigrant visa pursuant to 8 U.S.C. § 1227(a)(1)(B).

On May 14, 2003, petitioner failed to appear at his hearing before the Boston Immigration Court and was ordered removed in absentia. Petitioner filed a motion to reopen[2] on June 19,

---

[1] In March 2003, the relevant functions of the INS were transferred into the new Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement. For simplicity, we refer to the agency as the INS.

[2] The Code of Federal Regulations requires that an in absentia order entered in removal proceedings "may be rescinded only upon a

-2-

2003, seeking relief in the form of being allowed to apply for adjustment of status (based on his pending I-140 visa petition) or, in the alternative, voluntary departure. Petitioner first argued that the in absentia removal order was unjustified because notice of the hearing was not sent to "the most recent address provided by the alien" as required by 8 C.F.R. § 1003.26 ("Written notice to the alien shall be considered sufficient for purposes of this section if it was provided at the most recent address provided by the alien.").[3]  In the alternative, petitioner argued that reopening his case was warranted because of the existence of exceptional circumstances. See 8 C.F.R. § 1003.23 (b)(4)(ii). The Immigration Judge ("IJ") denied petitioner's motion to reopen on July 9, 2003, finding that petitioner had received adequate notice of his hearing date and that petitioner's misunderstanding of the

---

motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . ." 8 C.F.R. § 1003.23 (b)(4)(ii) (emphasis added). Further, "no appeal shall lie from an order of removal entered in absentia." 8 C.F.R. § 1240.15. These two provisions explain why petitioner did not appeal the removal order itself.

[3]  The Notice to Appear ("NTA"), which was personally served upon petitioner, notified him that any address change must be reported to the Immigration Court by submission of a Form EOIR-33. Petitioner apparently misunderstood this requirement and argued that his submission of an AR-11SR change of address form to the INS was sufficient to put the Immigration Court on notice of his new address.  The IJ rejected this argument, stating that "only a notice of address change provided to the Court pursuant to the warnings contained in the NTA is sufficient to inform the Court of the need to send correspondence to a new address."

address requirements did not rise to the level of exceptional circumstances. Petitioner timely appealed to the BIA.

On June 17, 2004, the BIA adopted and affirmed the decision of the IJ and dismissed petitioner's appeal. Referring to materials petitioner had submitted to the IJ,[4] the BIA stated that "even though the respondent's attorney asserts that the respondent has an approved labor certification, there is no evidence of this, nor is there evidence of an approved visa petition."[5] Given this lack of evidence, the BIA concluded that petitioner failed to show his eligibility for relief from removal since an approved visa petition is required in order for an alien to apply for adjustment of status. Petitioner timely filed a motion to reconsider with the BIA on July 6, 2004, arguing that the BIA erred when it concluded that there was no evidence of an approved labor certification in denying his motion to reopen. To support his assertion, petitioner argued that the receipt he received from the INS when he filed an I-140 Immigrant Petition for an Alien Worker was prima facie evidence that he was the beneficiary of an approved labor

---

[4]  Most significantly, these materials included a filing receipt for Labor Certification and a filing receipt for an I-140 Immigrant Petition for an Alien Worker.

[5]  Petitioner had filed a petition for a visa as a skilled worker as outlined in 8 U.S.C. § 1153(b)(3)(A)(I). In order to be approved for this type of visa petition, an alien must first be approved for alien labor certification. Approval of this visa petition would have rendered petitioner eligible to apply for adjustment of status as a permanent resident. See 8 U.S.C. § 1255.

certification. According to petitioner, an approved labor certification is required in order to file an I-140 visa petition, and thus his filing receipt for this petition proves his approved labor certification status.

On September 9, 2004, the BIA denied petitioner's motion to reconsider stating that petitioner had "failed to show any error of fact or law in our previous decision of June 17, 2004, based upon the record as it existed at that time." The BIA acknowledged petitioner's newly submitted approved I-140 Immigrant Petition for an Alien Worker,[6] but refused to entertain it as the motion was for reconsideration.[7] The BIA also indicated in a footnote that petitioner had previously filed a filing receipt for this document but not an approval notice. Additionally, the BIA found that petitioner had "not demonstrated any clear error in the Immigration

---

[6] The approval notice for this petition is date February 24, 2004. The record does not contain an approval notice for petitioner's labor certification, but petitioner's brief designates the date of approval as "[o]n or about August 20, 2002." Petitioner provides no explanation why he did not simply submit the labor certification approval notice as evidence in support of his motion to reopen.

[7] Motions to reconsider deal with errors of fact or law whereas motions to reopen deal with new evidence. Compare 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority.") with 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.").

Judge's factual findings concerning [petitioner's] failure to provide a current residential address."

In this appeal, petitioner contends that the BIA abused its discretion when, in denying his motion for reconsideration, it failed to treat his I-140 filing receipt as prima facie evidence that he was a recipient of an approved labor certification.

## II.  Analysis

Denials of motions to reconsider are reviewed for abuse of discretion. Ven v. Ashcroft, 386 F.3d 357, 360 (1st Cir. 2004). Of course, any legal error committed by the BIA constitutes abuse of discretion by definition. Top Entertainment, Inc. v. Torrejón, 351 F.3d 531, 533 (1st Cir. 2003).  "The decision to grant or deny a motion to . . . reconsider is within the discretion of the [BIA]," 8 C.F.R. § 1003.2 (a), and the BIA's decision "must be upheld unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."  Ven, 386 F.3d at 360 (internal quotation marks and citation omitted).

The sole issue before this court is whether the BIA abused its discretion in denying petitioner's motion to reconsider its denial of petitioner's motion to reopen.[8]  To the extent

_____

[8]  Petitioner devotes his brief to establishing abuse of discretion based on the BIA's failure to consider the I-140 filing receipt as prima facie evidence of approved labor certification. We therefore consider waived any argument that the BIA erred in its additional conclusion in its September 9 order that petitioner did not

petitioner is arguing the BIA abused its discretion by failing to consider his filing receipt argument at all, we believe that the footnote in its September 9 order sufficiently indicates that the BIA considered, and rejected, petitioner's argument that his I-140 filing receipt is sufficient proof of labor certification approval. See Lasprilla v. Ashcroft, 365 F.3d 98, 100 (1st Cir. 2004) ("We have found nothing in the regulations that requires the BIA to explain its reasons when deciding a motion to reconsider.").

Even if petitioner's argument were characterized as one that the BIA erred as a matter of law by refusing to construe an I-140 filing receipt as prima facie evidence of an approved labor certification, that argument too fails. Petitioner correctly points out that labor certification is required for an alien to ultimately be eligible for classification as a skilled worker. See 8 C.F.R. § 204.5(l)(3)(I). However, we think it imprudent to rely on the filing receipt for an I-140 visa petition as conclusive evidence that something which is required for the ultimate grant of that petition exists, and petitioner has not met his burden of proof in convincing us otherwise. One obvious reason for our position is the possibility that a filed petition could later be rejected for being improperly filed due to lack of a required document. At most, the I-140 filing receipt could have been a

demonstrate any clear error in the IJ's factual findings concerning petitioner's failure to provide a current residential address.

basis upon which the BIA inferred the existence of an approved labor certification if it chose to exercise its broad discretion in that manner.  We see no reason to require this sort of inference when petitioner could have simply submitted evidence of the labor certification approval notice, which he claims issued "on or about August 20, 2002."  Petitioner has not adequately explained how the I-140 filing receipt functions as prima facie evidence of a valid labor certification and we are therefore convinced that the BIA did not abuse its discretion by denying petitioner's motion to reconsider.

Because the BIA's denial of petitioner's motion to reconsider was not made without a rational explanation, did not inexplicably depart from established policies, or rest on an impermissible basis, the decision of the BIA is affirmed.

**Affirmed**.