[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 26, 2007
THOMAS K. KAHN
CLERK

No. 06-14288
Non-Argument Calendar

_____

Agency No. A97-633-129

FREDDY JOSE SUAREZ MAUCO,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 26, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Freddy Jose Suarez Mauco ("Suarez") petitions for review of an order of the

Board of Immigration Appeals ("BIA") denying a motion to reconsider its previous order affirming the decision of the Immigration Judge ("IJ"), who had denied asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. On appeal, Suarez, a native and a citizen of Venezuela, argues primarily about the merits of the BIA's February 17, 2006, decision affirming the IJ's original denial of asylum and withholding of removal. In his brief, he only refers to the BIA's July 10, 2006 decision denying his motion for reconsideration in a conclusory manner. However, because his petition for review was timely only as to the denial of the motion to reconsider, we have jurisdiction only as to that order, and not as to the earlier decision on the merits. Accordingly, we dismiss the petition in part and deny the petition in part.

## Discussion

### A.    *Subject Matter Jurisdiction*

We are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation omitted). While we generally have jurisdiction to review final orders of removal, a petition for review must be filed within thirty days of the date of the final order of removal. *See* INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). We have held that "[s]ince the statutory limit for filing a petition for review

2

in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling. Furthermore, the filing deadline is not suspended or tolled by the fact that [the petitioner] filed a [timely] motion to reopen the removal proceedings . . . after issuance of the final order of removal." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam); *see also Stone v. INS.*, 514 U.S. 386, 395, 405-06, 115 S. Ct. 1537, 1544, 1549, 131 L. Ed. 2d 465 (1995)) (holding that a motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period, construing the former 90-day period for filing a petition for review, INA § 106(a)(1), 8 U.S.C. § 1105(a)).

In order to timely challenge the BIA's decision as to his underlying asylum and withholding of removal claims in its February 17, 2006 order affirming the IJ's opinion and dismissing his appeal, Suarez should have filed a petition for review on or before March 20, 2006. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). However, Suarez filed a timely petition of review only with regard to the BIA's order denying his motion for reconsideration, and as a result, our jurisdiction is limited solely to reviewing whether the BIA properly denied the motion for reconsideration. Accordingly, we lack jurisdiction to consider Suarez's underlying asylum and withholding of removal claims and dismiss any portion of the petition for review addressing these claims.

3

**B.      *Motion for Reconsideration***

We review the BIA's denial of a motion for reconsideration for an abuse of discretion, similar to the denial of a motion to reopen. *See Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (per curiam) (addressing a motion to reopen) (citation omitted). The BIA's decision to deny a motion for reconsideration should be upheld "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis. *Ven v. Ashcroft*, 386 F.3d 357, 360 (1st Cir. 2004) (internal quotation marks omitted). Motions to reconsider are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.*" INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992) (addressing a motion to reopen).

Under the regulations, a motion for reconsideration must specify "the errors of fact or law in the prior [BIA] decision." 8 C.F.R. § 1003.2(b)(1). "A motion to reconsider asserts that at the time of the Board's previous decision an error was made." *Matter of Cerna*, 20 I & N Dec. 399, 402 (BIA 1991). When the BIA

reconsiders one of its prior decisions, it takes itself "back in time and consider[s] the case as though a decision in the case on the record . . . had never been entered." *Id.* "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Strato v. Ashcroft*, 388 F.3d 651, 655 (8th Cir. 2004). "The repetition of previous arguments is not sufficient to prevail" on a motion for reconsideration. *Ahmed*, 388 F.3d at 249.

Suarez has arguably abandoned any challenge to the denial of his motion for reconsideration because he advances no arguments in his brief regarding the motion. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003). However, even if he has not abandoned his claim, it still fails. Because Suarez failed to specify the errors of fact or law in the prior BIA decision and simply repeated his prior arguments that the BIA had already considered and rejected, the BIA did not abuse its discretion in denying his motion for reconsideration. 8 C.F.R. § 1003.2(b)(1).

## Conclusion

After reviewing the record and the parties' briefs, we discern no reversible error. Accordingly, we dismiss the petition to the extent it addresses the merits of Suarez's underlying asylum and withholding of removal claims and deny it with

5

regard to his motion for reconsideration.

**PETITION DISMISSED IN PART AND DENIED IN PART.**