**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1498

ALEXANDER GOSAL,

Petitioner,

v.

MICHAEL MUKASEY, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER

OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,

Selya and Stahl, Senior Circuit Judges.

Wei Jia and Law Office of Wei Jia on brief for petitioner.
Colette J. Winston, Office of Immigration Litigation, Civil
Division, Department of Justice, Peter D. Keisler, Assistant
Attorney General, Civil Division, and David V. Bernal, Assistant
Director, Office of Immigration Litigation, on brief for
respondent.

November 30, 2007

Per Curiam.  Alexander Gosal, a national of Indonesia, entered the United States in March 1997; he was authorized to remain in the country as a visitor for six months.  Gosal neither left the country as required nor obtained permission to stay longer, and on April 24, 2003, the Department of Homeland Security instituted removal proceedings against him.  See 8 U.S.C. § 1227(a)(1)(B) (2000).

Gosal conceded the factual allegations but sought asylum or withholding of removal.  As a practicing Christian, he argued that he would face persecution from the Muslim majority in Indonesia.  He cited one personal incident during which, upon his return from church, a group of men asked him for money; tried to take his bible; and hit him in the face.  He also testified that his siblings who remained in Indonesia were constantly fearful about openly practicing Christianity due to bomb threats against churches.

On October 26, 2005, Gosal presented evidence before an immigration judge, who denied relief: Gosal's asylum application was untimely, 8 U.S.C. § 1158(a)(2)(B), and the delay was not excusable, id. § 1158(a)(2)(C); his withholding of removal claim was rejected because he had not established that persecution was likely were he removed to Indonesia, id. § 1231(b)(3).  The immigration judge found that the danger did not rise to the

requisite level, and that the thugs who had assaulted Gosal "principally wanted money."

On appeal, the Board of Immigration Appeals agreed with the immigration judge on all counts. Gosal did not seek review of that order, instead filing with the Board a motion for reconsideration, asserting that the testimony about his siblings' anxiety had not been considered. The Board denied the motion on February 28, 2007. Fears aside, the siblings remained in Indonesia and practiced their religion unharmed--and, according to the Board, that fact outweighed any testimony not cited in its original order.

Gosal timely petitioned for review of the Board's denial of his reconsideration motion but of nothing else. Therefore, we review only that decision, not the initial denial of the relief he sought; the two orders are independent and we have jurisdiction only over those that are appealed. Ven v. Ashcroft, 386 F.3d 357, 359 (1st Cir. 2004).

A motion for reconsideration must identify "the errors of fact or law in the prior Board decision." 8 C.F.R. § 1003.2(b)(1). Gosal did not specify any such errors. He did claim that a portion of his testimony had been ignored, but as the Board subsequently made clear, the testimony had not been overlooked--it simply had not affected the result.

That explanation--and the denial that it supported--were not irrational and did not rest on forbidden grounds; the Board did

-3-

not abuse its discretion.  <u>Ven</u>, 386 F.3d at 360.  On the contrary, the denial was entirely reasonable and well explained.

Gosal objects that the Board, in considering his motion, required that he rebut its original decision.  But his argument rests on a misunderstanding of the Board's decision in <u>Matter of Cerna</u>, 20 I. & N. Dec. 399 (BIA 1991).  What the Board meant in the passage Gosal cites, <u>id.</u> at 402, is that it will revisit its decision afresh, on the original record, if an error is shown to flaw its initial order.  But to obtain reconsideration, the movant must still demonstrate that the original decision "was defective in some regard."  <u>Id.</u>  Here, Gosal did not do so.

The petition for review is <u>denied</u>.