FILED
United States Court of Appeals
Tenth Circuit

September 2, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UJJAL KARMACHARYA,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 09-9566
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Ujjal Karmacharya, a native and citizen of Nepal, seeks judicial review of a

Board of Immigration Appeals' ("BIA") decision denying his motion to reopen

removal proceedings.  We deny the petition for review.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Karmacharya entered the United States in 2005 on a B-2 visitor visa and overstayed his visit. Although he conceded he was removable, *see* 8 U.S.C. § 1227(a)(1)(B), Karmacharya applied for asylum, restriction on removal, and relief under the Convention Against Torture, claiming that he was persecuted by the police and the Communist Party of Nepal ("Maoists"). In April 2007, an immigration judge (IJ) held a hearing and found there were several substantial inconsistencies between Karmacharya's testimony, his asylum application, and a statement he gave to an asylum officer. Based on this adverse credibility finding, the IJ denied relief. Karmacharya appealed, but on July 28, 2008, the BIA affirmed the IJ's decision. In dismissing the appeal, the BIA also rejected Karmacharya's newly submitted evidence purporting to show changed conditions in Nepal. The BIA reasoned that Karmacharya "failed to establish the materiality of the newly submitted [evidence] regarding the Maoists' political tactics . . . because [he] did not establish that he is a known adversary of the Maoists (in light of the [IJ's] well-supported adverse credibility finding)." Admin. R. at 179.

Karmacharya did not petition this court for review but instead moved the BIA to reconsider its decision. The BIA denied the motion, noting that it was "virtually identical" to a supplemental brief he filed on appeal. *Id.* at 158.

Then on May 26, 2009, nearly ten months after the BIA issued its final removal order, Karmacharya moved the BIA to reopen his case. He claimed

conditions in Nepal had deteriorated since his removal hearing in 2007 because the Maoists won control of the Nepalese parliament in 2008. Despite failing to ever credibly establish he had been persecuted or feared persecution by the Maoists, Karmacharya submitted an affidavit and various documents purporting to show the power-shift and attendant threat posed by the Maoist-controlled government. Rejecting the claim, the BIA concluded the evidence failed to show "changed circumstances in Nepal sufficient to warrant a grant of [his] late-filed motion." *Id.* at 3. Thus, "[o]n that basis, and based upon the rationale set forth in [its] prior decisions," the BIA denied the motion to reopen. *Id.* Karmacharya now seeks review of the denial of his motion to reopen.

**II**

"The BIA has broad discretion, conferred by the Attorney General, 'to grant or deny a motion to reopen.'" *Kucana v. Holder*, 130 S. Ct. 827, 838 (2010) (quoting 8 C.F.R. § 1003.2(a)). "We have jurisdiction to review BIA orders denying motions to reopen removal proceedings." *Wei v. Mukasey*, 545 F.3d 1248, 1254 (10th Cir. 2008) (citation omitted). We review such orders "only for an abuse of discretion," which occurs when the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Gurung v. Ashcroft*, 371 F.3d 718, 720 (10th Cir. 2004) (brackets and quotations omitted).

Generally, an alien is permitted to file one motion to reopen "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); *Rosillo-Puga v. Holder*, 580 F.3d 1147, 1152 (10th Cir. 2009) (quotation omitted), *petition for cert. filed*, 78 U.S.L.W. 3670 (U.S. May 7, 2010) (No. 09-13). We have explained, however, that "a motion to reopen to apply for asylum based on proof of changed country conditions is not barred by the [ninety-day] time restriction . . . if 'such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.'" *Wei*, 545 F.3d at 1254 (quoting 8 U.S.C. § 1229a(c)(7)(C)(ii)); *see also Kucana*, 130 S. Ct. at 831 ("Among matters excepted from the 90-day limitation are motions to reopen asylum applications because of changed conditions in the country of nationality or removal.").

Because he filed his motion to reopen beyond the ninety-day limitation period, Karmacharya attempts to avail himself of the exception provided by § 1229a(c)(7)(C)(ii). This provision is unavailing, however, because the evidence underlying his motion is not material given Karmacharya's failure to establish his eligibility for relief. To be eligible for asylum, Karmacharya was required to show he suffered past persecution or has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005). Karmacharya never made this showing because the

IJ discredited his testimony. Consequently, since Karmacharya failed to credibly show grounds for asylum, the fact that the Maoists came to power is immaterial. *See Lemus v. Gonzales*, 489 F.3d 399, 401 (1st Cir. 2007) (affirming denial of motion to reopen based on changed conditions because "the newly proffered information [did] nothing to rehabilitate the petitioner's failed credibility").

Moreover, the evidence is not "materially different" from information already before the BIA. *See Wei*, 545 F.3d at 1254; *see also Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005) ("[C]umulative evidence that conditions asserted in the original application persist[] is not evidence of changed circumstances." (quotation omitted)). Through his motion to reopen, Karmacharya sought to introduce (1) his own affidavit attesting to instances of mistreatment and the Maoist parliamentary take-over; (2) a 2008 State Department human rights report on Nepal; (3) United Nations press releases; (4) a press release from his political party expressing concern over an alleged Maoist threat; (5) a police statement indicating Karmacharya's wife had been threatened; and (6) articles and statements discussing the ongoing political strife in Nepal. Although these documents purport to substantiate Karmacharya's claims of deteriorating conditions in Nepal, particularly since the Maoist take-over, he had argued throughout the entire administrative process that conditions were worsening on account of Maoist political activity and their involvement with the government. Indeed, before the IJ, Karmacharya testified

-5-

that the Maoists were "in the government" and could "legally do anything they want," Admin. R. at 378. And in his brief to the BIA, he claimed "[t]he situation in Nepal [had] worsened considerably" because the Maoists abandoned a peace agreement. *Id.* at 222. He also attached to his appeal brief numerous articles discussing the Maoists' political tactics, all of which were considered and rejected by the BIA. Because the BIA previously evaluated information pertaining to the same problems upon which the motion to reopen was based, the BIA acted within its discretion in refusing to reopen the case.

Accordingly, the petition for review is DENIED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge