*213 ORDER AND JUDGMENT**
CHRISTINE M. ARGUELLO, District Judge.
Petitioner Kamal Bhattarai, a native and citizen of Nepal, seeks review of the decision of the Board of Immigration Appeals (BIA), which denied Petitioner’s Combined Motion to Reconsider and Motion to Reopen his removal proceedings due to changed circumstances in Nepal. With respect to the Motion to Reopen, the BIA rejected Mr. Bhattarai’s claim that politically changed circumstances in Nepal establish an increased danger of persecution due to his political opinion and/or his claimed membership in particular political groups. With respect to the Motion to Reconsider, the BIA upheld its prior determination that the previously-submitted evidence was insufficient to establish that his political opinion and/or his claimed membership in a particular social group were central reasons for his past mistreatment. We deny his Petition for Review.
I. BACKGROUND
On or about August 8, 2004, Mr. Bhattarai entered the United States on a nonimmigrant A-2 diplomatic visa to attend an educational program at the University of Wyoming. In early August of 2005, Mr. Bhattarai, after having over-stayed his visa by approximately nine months, filed an affirmative application for asylum and withholding of removal based on alleged past persecution and future persecution due to his political opinion and his membership in political groups. Following an interview, the Department of Homeland Security denied his application and referred him for removal proceedings.
On January 31, 2006, during removal proceedings, Mr. Bhattarai conceded removability, but renewed his claim for asylum, withholding, and, alternatively, voluntary departure. On March 7, 2007, the Immigration Judge (IJ) held a hearing at which Mr. Bhattarai testified that he worked as a computer teacher at a military academy from March 1992, until the time he left Nepal. Mr. Bhattarai is a member of a politically active family, and he has been politically involved since the early 1990’s, when he joined the Nepali Student Union. Mr. Bhattarai later became involved in the Nepali Congress Party and the Nepali Teachers’ Association, among other organizations. Over the course of a year, between January 2003 and January 2004, Mr. Bhattarai received three letters from the Communist Party of Nepal (“Maoists”), each demanding a financial contribution and military information. At no time did Mr. Bhattarai comply with the demands. Accordingly, each subsequent letter contained a demand for a greater amount of money. The last letter warned Mr. Bhattarai that the Maoists denounced him as an enemy of the war and that his and his family’s lives were at risk. About a month after Mr. Bhattarai’s receipt of the third letter, the Maoists seized Mr. Bhattarai’s parents’ house and land because they refused to pay the Maoists 50,0000 Rs. Several months later, in June 2004, Mr. Bhattarai’s apartment was completely destroyed by a fire-bomb. Mr. *214 Bhattarai suspected the fire-bomb was set by the Maoists.
In an oral decision announced at the close of the hearing, the IJ denied all relief, concluding that the Maoists targeted Mr. Bhattarai, not because of his political beliefs, but because he did not submit to their demands for money and military information.
Mr. Bhattarai timely appealed the IJ’s March 7, 2007 decision arguing that (1) he experienced past persecution on account of-his political beliefs, (2) he had a well-founded fear of persecution, and (3) his testimony, the supporting documents, and the conditions in Nepal adequately demonstrated a clear likelihood of future persecution. The appeal included a concurrent request for remand based upon supplemental evidence of changed conditions, namely a state of anarchy then existing in Nepal.
In a decision dated November 17, 2008, the BIA, finding no error in the IJ’s determination that Mr. Bhattarai failed to establish past persecution or a well-founded fear of future persecution in Nepal, dismissed Mr. Bhattarai’s appeal.
Mr. Bhattarai did not seek judicial review of the BIA’s denial of his appeal. Instead, on December 17, 2008, Mr. Bhattarai timely filed a combined Motion to Reconsider and Motion to Reopen his removal proceedings due to changed circumstances in Nepal.[1] In pertinent part, Mr. Bhattarai asserted that the BIA should reopen his case or reconsider his application because: (1) he established past persecution and a well-founded fear of future persecution; (2) substantial grounds exist for believing that he would be in danger of being subject to torture and, therefore, he was eligible for relief under the United Nations’ Convention Against Torture (CAT); and (3) changed conditions in Nepal rendered likely his persecution if he returned to Nepal.
In support of his Motion to Reopen, Mr. Bhattarai submitted news articles about the election of a Maoist leader to the office of Prime Minister of Nepal. However, some of the articles suggested that, in light of the Maoists’ victory, the country might return to peace. Another article indicated that, prior to the election, the government of Nepal may have contributed to the violence more than the Maoists. A third article reported that the newly-elected prime minister “would no longer tolerate” the violence.
On July 10, 2009, the BIA issued a decision denying Mr. Bhattarai’s combined Motion to Reopen and Reconsider. With respect to the Motion to Reopen, the BIA found (1) that Mr. Bhattarai had failed to “satisfy his ‘heavy burden’ of showing that, if his proceedings were reopened, this new evidence would likely change the result reached in this case,” and (2) with respect to Mr. Bhattarai’s argument that he was entitled to apply for CAT protection, the evidence of the Maoists’ recent election victory failed to “demonstrate, prima facie, that it is more likely than not that [Mr. Bhattarai] will be tortured by, or with the consent or acquiescence, [sic] of officials of the Government of Nepal as presently constituted.” With respect to the Motion to Reconsider, the BIA concluded that the testimony and supporting evidence failed *215 to establish that Mr. Bhattarai’s political opinion and/or his claimed membership in particular political groups was a “central reason” for his past mistreatment or fears of future persecution by the Maoists. Thus, the BIA concluded that there was no error of fact or law in its previous decision denying Mr. Bhattarai’s combined Motion to Reopen and Reconsider.
On August 6, 2009, Mr. Bhattarai timely filed the instant Petition for Review of the BIA’s denial of his combined Motion to Reopen and Reconsider. Oral argument was presented before this Court on September 23, 2010. Mr. Bhattarai’s arguments are summarized as follows: (1) the BIA abused its discretion by applying the incorrect burden of proof, (2) the BIA failed to consider dramatic changes in country conditions,[2] and (3) the BIA abused its discretion by issuing a decision devoid of any individualized analysis and simply consisting of “a boilerplate recitation of general standards!/]” For the reasons discussed below, we find no abuse of discretion in the BIA’s denial of Mr. Bhattarai’s combined Motion to Reopen and Reconsider.
II. ANALYSIS
As noted above, Mr. Bhattarai failed to seek review in this Court of the BIA’s November 17, 2008 denial of his asylum appeal. Pursuant to 8 U.S.C. § 1252(d)(1), a “petition for review must be filed not later than 30 days after the date of the final order of removal.” The 30-day filing period is “jurisdictional in nature and must be construed with strict fidelity to [its] terms.” Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Accordingly, this Court does not have jurisdiction to review the BIA’s denial of Mr. Bhattarai’s asylum appeal. See Infanzon v. Ashcroft, 386 F.3d 1359, 1361 (10th Cir.2004) (finding lack of jurisdiction to review BIA’s order affirming IJ’s denial of asylum application because petitioner did not timely file a petition of review within thirty days of the BIA’s order) (citing Nahatchevska v. Ashcroft, 317 F.3d 1226, 1227 (10th Cir.2003)). Further, the filing of a motion to reconsider does not toll the statute’s 30-day filing deadline. See, e.g., Stone, 514 U.S. at 394-406, 115 S.Ct. 1537; Belay-Gebru v. INS, 327 F.3d 998, 1000 (10th Cir.2003) (“a petition for review of a final order of exclusion or deportation must be filed with the court of appeals not later than thirty days after issuance of the final order,” i.e., after the BIA denies an appeal) (citing 8 C.F.R. § 1241.31); Mana v. Gonzales, 128 Fed.Appx. 167, 169 (1st Cir.2005) (unpublished) (finding that the 30-day filing period was not tolled by a motion to reconsider) (citing 8 U.S.C. § 1252(b)(1)); Valdivia v. Gonzales, 128 Fed.Appx. 564 (9th Cir.2005) (unpublished) (similar holding). However, because Mr. Bhattarai filed the instant Petition for Review within 30-days of the BIA’s denial of his combined Motion to Reopen and Reconsider based on changed country conditions, we do have jurisdiction to consider the BIA’s denial of the combined motion to reopen and reconsider.
A. Motion to Reopen
“The BIA has broad discretion, conferred by the Attorney General, ‘to grant or deny a motion to reopen,’ but courts retain jurisdiction to review the BIA’s decision.” Kucana v. Holder, — U.S. *216 -, -, 130 S.Ct. 827, 838, 175 L.Ed.2d 694 (2010) (quoting 8 C.F.R. § 1003.2(a)); Karmacharya v. Holder, 394 Fed.Appx. 450, 451-52 (10th Cir.2010) (unpublished). We review orders denying motions to reopen for an abuse of discretion. Kechkar v. Gonzales, 500 F.3d 1080, 1084 (10th Cir.2007). “The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.” Galvez Piñeda v. Gonzales, 427 F.3d 833, 838 (10th Cir.2005) (internal quotations omitted). “A motion to reopen proceedings [based on changed country conditions] shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]” 8 C.F.R. § 1003.2(c)(1); see also 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA may deny a motion to reopen for various reasons, including failure to establish a prima facie case for the relief sought. See INS v. Abudu, 485 U.S. 94, 107-08, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
1. Asylum
To qualify for asylum, an alien has the burden of showing he “has suffered past persecution or has ‘a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.’” Tulengkey v. Gonzales, 425 F.3d 1277, 1280 (10th Cir.2005) (quoting 8 U.S.C. § 1101(a)(42)(A) (quotation and alteration omitted)). Such a fear of future persecution must be both subjectively genuine and objectively reasonable, as evidenced by credible, direct, and specific evidence in the record. Wiransane v. Ashcroft, 366 F.3d 889, 893 (10th Cir.2004).
Three news articles Mr. Bhattarai submitted in support of his Motion to Reopen reflect improved conditions in Nepal due to the Maoists’ election victory and the Maoist-backed prime minister’s stated intolerance for further violence. Although Mr. Bhattarai asserts that the BIA failed to consider dramatic changes in country conditions, the BIA specifically noted the changed and improved country conditions in its July 10, 2009 denial of his combined Motion to Reconsider and Reopen. Such evidence of improved conditions in Nepal undermines Mr. Bhattarai’s fear of future persecution. See Vatulev v. Ashcroft, 354 F.3d 1207, 1211 (10th Cir.2003) (“the relative order and improved social/political conditions ... would attenuate, not amplify, any potential threat of cognizable persecution behind petitioner’s personal experiences.”). Further, contrary to Mr. Bhattarai’s assertion that the BIA failed to consider his new evidence in conjunction with previously submitted evidence, in its decision, the BIA explicitly referred to both the previously submitted and newly submitted evidence. Accordingly, the BIA did not abuse its discretion when it held that Mr. Bhattarai failed to establish a prima facie case for asylum protection.
2. Withholding of Removal
Withholding of removal is available under section 241(b)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(3), if the alien can demonstrate a clear probability that his life or freedom would be threatened on account of a protected characteristic, such as the alien’s political opinion or affiliation. See Woldemeskel v. INS, 257 F.3d 1185, 1193 (10th Cir.2001); Kapcia v. INS, 944 F.2d 702, 706-07 (10th Cir.1991). The “clear probability” standard is met through the presentation of “evidence establishing that it is more likely than not that [the applicant] would be subject to persecution^]” INS v. *217 Stevic, 467 U.S. 407, 429-30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (quoted in Woldemeskel, 257 F.3d at 1193).
The Tenth Circuit has previously stated, an applicant’s “failure to satisfy the burden of proof for asylum, however, necessarily constitutes a failure to meet the more stringent burden of proof for restriction on removal.” Ba v. Mukasey, 539 F.3d 1265, 1271 (10th Cir.2008); see also Dallakoti v. Holder, 619 F.3d 1264, 1268 (10th Cir.2010). In the instant case, Mr. Bhattarai’s newly-submitted evidence failed to satisfy his burden of proof for asylum. As such, Mr. Bhattarai, likewise, has failed to establish a prima facie case for restriction on removal.
Accordingly, the BIA did not abuse its discretion when it found that Mr. Bhattarai failed to satisfy his burden of showing that this new evidence would likely change the result reached in his case.
3. Eligibility Under CAT
To establish eligibility for withholding of removal under the United Nations’ Convention Against Torture (CAT), an applicant must show that “it is more likely than not that he or she would be tortured if removed to the proposed country of removal.” 8 C.F.R. § 208.16(c)(2). A claim under the CAT differs from a claim for asylum or withholding of removal under the INA because “there is no requirement that the petitioners show that torture will occur on account of a statutorily protected ground.” Sidabutar v. Gonzales, 503 F.3d 1116, 1125 (10th Cir.2007) (citation omitted).
However, the evidence of improved conditions in Nepal undermines the likelihood that Mr. Bhattarai would be tortured on any ground by, or at the acquiescence of, the Nepalese government, even in its current state of being controlled by the Maoists. Therefore, the BIA did not abuse its discretion when it concluded that Mr. Bhattarai failed to establish a prima facie case for protection under CAT.
The dissent asserts that we have usurped the agency’s role by reevaluating the evidence presented to the BIA and substituting our reasoning for the BIA’s, in contravention of the narrowly circumscribed scope of review, as set forth in S.E.C. v. Chenery Corp., 318 U.S. 80, 94, 63 S.Ct. 454, 87 L.Ed. 626 (1943). We respectfully disagree. This case is distinguishable from the cases cited by the dissent because the BIA clearly articulated that Mr. Bhattarai failed to satisfy the first Abudu factor, namely “to demonstrate, prima facie, that it is more likely than not that he will be tortured[.]” In addition, the BIA’s reference to both “the Government of Nepal as presently constituted,” and Mr. Bhattarai’s “new evidence,” ie., news articles of a Maoist leader’s election to the office of Prime Minister of Nepal, demonstrates that the BIA did consider the issue of changed country conditions and applied the facts to these standards. We note that the BIA “is not required to write an exegesis on every contention”; rather, it is required to “consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.” Ismaiel v. Mukasey, 516 F.3d 1198, 1207 (10th Cir.2008); Becerra-Jimenez v. INS, 829 F.2d 996, 1000 (10th Cir.1987). Although the BIA’s July 10, 2009 decision could have been more thorough, the BIA has sufficiently articulated its reasoning such that we have been able to determine that the BIA did not abuse its discretion. The fact that the evidence in this case is open to multiple interpretations, as the dissent suggests, might make it possible for a reasonable adjudicator to reach a contrary conclusion; however, such evidence does *218 not mean that a reasonable adjudicator would be compelled to conclude to the contrary. Substantial evidence in the record supports the BIA’s findings and, thus, those findings are conclusive. See Witjaksono v. Holder, 573 F.3d 968, 977 (10th Cir.2009) (stating that under the substantial evidence standard of review, factual findings are conclusive unless a reasonable adjudicator would be compelled to reach the contrary conclusion).
The dissent duly acknowledges that our role as a reviewing court is to review the BIA’s decision for abuse of discretion, not to reevaluate the evidence by conducting a de novo inquiry into the matter and reach our own conclusions based on such inquiry. Nonetheless, it appears that the dissent has conducted its own de novo inquiry, decided that the evidence is open to multiple interpretations, and concluded that it would have reached a different decision than the BIA. To remand this case to the BIA for these reasons would violate Chenery.
B. Motion to Reconsider
Orders denying motions to reconsider are also reviewed for an abuse of discretion. See Infanzon v. Ashcroft, 386 F.3d 1359, 1361-62 (10th Cir.2004); Belay-Gebru v. INS, 327 F.3d 998,1000 n. 5 (10th Cir.2003). Motions to reconsider “shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority.” 8 U.S.C. § 1229a(c)(6)(B). A motion to reconsider “is a request that the [BIA] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case that was overlooked.” Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir.2004) (quoting Matter of Cerna, 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991)).
Mr. Bhattarai asserts that the BIA erred because it applied the incorrect burden of proof when it concluded that he was not persecuted due to his political opinions or affiliation with a political group. In support of the instant Petition for Review, Mr. Bhattarai contends that he need not demonstrate that a protected characteristic was the sole reason for his mistreatment, or fears thereof. However, as Mr. Bhattarai duly notes, he was required to show that his political opinions or affiliation with a social group were not “incidental, tangential, superficial, or subordinate to another reason for harm.” Matter of J-B-N & S-M-, 24 I. & N. Dec. 208, 214 (BIA 2007).
Recently, in Dallakoti v. Holder, 619 F.3d 1264 (10th Cir.2010), this Court joined other circuits that have accepted the BIA’s interpretation of 8 U.S.C. § 1158(b)(1)(B)®,[3] as set forth in Matter of J-B-N & S-M- In sum, “the protected ground cannot play a minor role in the alien’s past mistreatment or fears of future mistreatment.” J-B-N-, 24 I. & N. Dec. at 214. Having accepted the BIA’s interpretation of “central reason,” this Court concluded, “[t]o reverse the BIA, the record must establish that any reasonable adjudicator would be compelled to conclude ” that the applicant’s political opinions were “one of the central reasons” for the applicant’s mistreatment. Dallakoti, 619 F.3d at 1268 (emphasis added).
As in Dallakoti, we find that the instant record contains inconsistent testimony *219 about whether and the extent to which Mr. Bhattarai’s or his family’s political opinions factored into his and/or their mistreatment. For example, Mr. Bhattarai testified that the Maoists made monetary demands of not only him, but also of other teachers who were not politically active. Additionally, Mr. Bhattarai acknowledged that anyone who fails to comply with the Maoists’ demands for money is deemed an enemy of the revolution. Mr. Bhattarai also acknowledged that the Maoists never attacked him during his public displays of political activism. Finally, Mr. Bhattarai admitted that he did not actually know, but merely surmised, that the Maoists targeted his parents because of his political opinions.
Based on the foregoing, we find that the record does not establish that the BIA would have been compelled to conclude that Mr. Bhattarai’s political opinions or political group affiliations were “one of the central reasons” for his mistreatment. Further, in his Motion to Reconsider, Mr. Bhattarai primarily reiterated arguments that were considered and rejected by the BIA on appeal. As previously noted, the BIA need not write an exegesis. The BIA’s decision references the evidence that it previously considered and, with respect to the Motion to Reconsider, it discusses the newly presented evidence concerning improved country conditions. Based on the foregoing, we are confident that the BIA reviewed the record and grasped Mr. Bhattarai’s claims.
Accordingly, we find the BIA did not commit any error and, therefore, did not abuse its discretion in denying Mr. Bhattarai’s Motion to Reconsider.
III. CONCLUSION
Based on the foregoing, we find the Board of Immigration Appeals did not abuse its discretion when it denied Kamal P. Bhattarai’s combined Motion to Reopen and Reconsider his application for asylum, withholding of removal, and protection under the United Nations’ Convention Against Torture. Thus, we DENY his Petition for Review.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

. Pursuant to 8 U.S.C. §§ 1229a(c)(6)(B), (7)(C)(i) and 8 C.F.R. §§ 1003.2(b)(2), (c)(2), motions to reconsider and motions to reopen shall be filed within 30 and 90 days, respectively, of the final administrative order of removal.
Although Mr. Bhattarai filed a combined Motion to Reopen and Reconsider, the Court, in its analysis, will address each separately.

. Mr. Bhattarai also asserts that the BIA’s “failure to consider [his] new evidence (the Maoists' victory at the polls) in conjunction with his previously submitted evidence (the significant harm, established on the record, that he faced from the Maoists), constituted the [BIA's] third discretionary error[.]” However, this argument is related to whether the BIA failed to consider changes in country conditions and will be addressed accordingly.

. "The burden of proof is on the applicant to establish that the applicant is a refugee.... To establish that the applicant is a refugee within the meaning of such section, the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.” 8 U.S.C. § 1158(b)(l)(B)(i).