**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 04-1599

PAJTIM MANA AND VIOLETA MANA,
Petitioners,

v.

ALBERTO GONZÁLES, Attorney General,[*]
Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Lynch, and Lipez, Circuit Judges.

Desmond P. FitzGerald and FitzGerald & Co., LLC on brief for petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Terri J. Scadron, Assistant Director, Office of Immigration Litigation, and Stacy S. Paddock, Attorney, Office of Immigration Litigation, on brief for respondent.

May 11, 2005

---

[*]Alberto Gonzáles was sworn in as United States Attorney General on February 3, 2005. We have therefore substituted Attorney General Gonzáles for John Ashcroft as the respondent. See Fed. R. Civ. P. 25(d)(1); Fed. R. App. P. 43(c)(2)

**Per Curiam**.  Petitioners Pajtim and Violeta Mana, natives of Albania, seek review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's denial of their application for asylum and withholding of removal.  For the reasons explained below, the petition for review of the BIA's order denying asylum and withholding of removal is dismissed as untimely.  To the extent that the petitioners also seek review of the BIA's subsequent order denying reconsideration, that order is affirmed.

## I.

Petitioner Pajtim Mana is a member of the Albanian Democratic Party who asserts that he was threatened and assaulted while living in Albania between 1993 and 1997 as a result of his political beliefs and his role in disarming the former Communist government.  In late 1997, Pajtim and his wife Violeta sent their son to live with relatives in Greece, where their daughter also now resides.  The petitioners stayed behind in Albania.  During a trip to Greece in December 1999, they obtained visas to travel to the United States.  The Manas then returned to Albania, making three more trips in and out of the country before they departed for the United States in October 2000.  They entered the United States on October 31, 2000 as nonimmigrant visitors with permission to remain until April 30, 2001.

The petitioners applied for political asylum and withholding of removal[2] in July 2001, prompting the Immigration and Naturalization Service ("INS")[3] to issue a Notice to Appear charging them with removability under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for longer than permitted. Having conceded removability, the petitioners presented their asylum claim to an Immigration Judge ("IJ") on November 8, 2002. In an oral decision at the conclusion of the proceeding, the IJ found that Pajtim "has failed to establish any effective basis for fearing harm in Albania at this time." The IJ emphasized that regardless of whether Pajtim had been persecuted before 1997, he then remained in his home village in Albania without incident for more than three years before departing for the United States. The IJ therefore denied both Pajtim's application for asylum and his wife's derivative application, and ordered them removed to Albania.[4]

---

[2]Pajtim Mana is the lead petitioner in this case. His wife, Violeta Mana, filed a derivative application.

[3]In March 2003, the relevant functions of the INS were transferred to the Department of Homeland Security and reorganized as the Bureau of Immigration and Customs Enforcement ("BICE"). For simplicity we refer to the agency throughout this opinion as the INS.

[4]Although the government did not oppose voluntary departure, the IJ concluded that the petitioners were ineligible because they were not physically present in the United States for more than a year before they were placed in removal proceedings. See 8 U.S.C. § 1229c(b). The petitioners have not challenged this ruling.

The petitioners appealed the IJ's decision to the BIA, which summarily affirmed on February 5, 2004. The petitioners did not file a timely petition for review of the BIA's decision in this court. They did, however, file a timely motion seeking reconsideration by the BIA, arguing that the BIA erred in giving the case only a "cursory review" and that, instead, it should have been reviewed by a three-member panel. See 8 C.F.R. § 1003.1(e)(4) (2004) (describing procedure for affirmance without opinion); id. § 1003.1(e)(6) (describing circumstances in which cases may be reviewed by a three-member panel). The BIA denied the motion to reconsider on April 7, 2004, finding that the petitioners had "not demonstrated any error in our decision of February 5, 2004." The BIA also noted that motions to reconsider based solely on the argument that the prior appeal should have been reviewed by a three-member panel rather than by summary affirmance are barred by 8 C.F.R. § 1003.2(b)(3).[5] The petitioners timely appealed from the BIA's April 7, 2004 denial of the motion to reconsider.

## II.

Petitions for review of a BIA order "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1) (2004). This requirement of timely filing is

---

[5] 8 C.F.R. § 1003.2(b)(3) provides that "[a] motion to reconsider based solely on an argument that the case should not have been affirmed without opinion by a single Board Member, or by a three-Member panel, is barred."

-4-

jurisdictional.  See Ven v. Ashcroft, 386 F.3d 357, 359 (1st Cir. 2004).  The BIA's February 5, 2004 order affirming the IJ's denial of asylum was a final order of removal triggering the thirty-day appeals period, and that period was not tolled by the motion to reconsider.  See id. at 359-60; see also Nascimento v. I.N.S., 274 F.3d 26, 28 (1st Cir. 2001) (explaining that the thirty-day period "runs from the date of the BIA's affirmance of the Immigration Judge's order, not from the BIA's denial of reconsideration").  The petitioners did not file the present appeal until May 6, 2004, which is within thirty days of the BIA's April 7, 2004 decision denying the motion to reconsider but more than thirty days after the BIA's February 5, 2004 decision affirming the underlying deportation order.

We therefore lack jurisdiction to review the denial of asylum and withholding, the focus of the petitioners' brief.  The only issue properly before us on appeal is whether the BIA abused its discretion in denying the motion for reconsideration.[6]  Ven, 386 F.3d at 360.  The petitioners have advanced no argument before us that would warrant overturning the BIA's denial of their motion under the deferential abuse of discretion standard.  In fact, their brief is entirely silent on this point.

---

[6]The petitioners also request that we remand to the IJ to allow them to present a claim for relief under the Convention Against Torture (CAT).  Because they offer no argument in support of this summary request, we consider the argument waived.  See Makhoul v. Ashcroft, 387 F.3d 75, 82 (1st Cir. 2004).

-5-

We therefore **<u>affirm</u>** the BIA's denial of the Manas' motion to reconsider and **<u>dismiss</u>** their appeal of the BIA's denial of asylum for lack of jurisdiction.