# United States Court of Appeals

## For the First Circuit

---

No. 08-1350

XIAOFENG LIU,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

---

PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF

IMMIGRATION APPEALS

---

Before

Torruella, Selya, and Lipez,
<u>Circuit Judges</u>.

---

<u>Martin D. Harris</u> on brief for petitioner.
<u>Gregory G. Katsas</u>, Assistant Attorney General, Civil Division,
<u>Terri J. Scadron</u>, Assistant Director, Office of Immigration
Litigation, and <u>Kristina R. Sracic</u>, Trial Attorney, on brief for
respondent.

---

January 12, 2009

---

**SELYA**, **Circuit Judge**. The petitioner, Xiaofeng Liu, is a Chinese national. He overstayed his visitor's visa, remained in the United States illegally, and eventually applied for asylum. When the authorities responded by placing him in removal proceedings, he conceded removability but cross-applied for cancellation of removal, asylum, and other redress.

After a full hearing, an immigration judge (IJ) denied the petitioner's pleas for relief and ordered him deported to his homeland. The petitioner appealed to the Board of Immigration Appeals (BIA). The BIA, without opinion, summarily affirmed the IJ's ukase.

The petitioner eschewed the opportunity to seek judicial review of this decision. Instead, on March 19, 2007, he moved for reconsideration, alleging that his "personal situation has been further compromised." To bolster this allegation, he attached a statement dated March 7, 2007, in which he maintained, without a shred of support, that he would be subject to persecution in the Republic of China because he had applied (albeit unsuccessfully) for asylum in the United States. He also reiterated the claims originally made before the IJ.

On February 27, 2008, the BIA denied the motion to reconsider, finding that, for the most part, the motion "merely repeat[ed]" arguments and evidence previously advanced. In addition, the BIA noted that the petitioner did not specifically

-2-

identify any error of law or fact in the prior decisions of either the BIA or the IJ. Because the petitioner did not furnish "objective material evidence or legal authority" sufficient to support his motion, the BIA denied it. This timely petition for judicial review followed.

We need not tarry. The only decision before us is the BIA's denial of the motion to reconsider; the original order denying asylum and other relief is not implicated.[1] See 8 U.S.C. § 1252(b)(1); see also Stone v. INS, 514 U.S. 386, 394-400 (1995).

Motions for reconsideration are disfavored in immigration cases. See, e.g., INS v. Doherty, 502 U.S. 314, 323 (1992). The party seeking reconsideration has the burden of establishing that it is warranted. INS v. Abudu, 485 U.S. 94, 110-11 (1988). At a bare minimum, "a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

Virtually by definition, a motion for reconsideration posits that the decider — here, the BIA — made some sort of error in the earlier decision. See Turri v. INS, 997 F.2d 1306, 1311 n.4 (10th Cir. 1993). It follows that the moving party must specify a particular error of law or fact in that earlier decision. See 8

---

[1]Be that as it may, we may nonetheless review the underlying decision to the extent necessary to determine whether the BIA abused its discretion in denying the motion to reconsider. See Abdullah v. Gonzales, 461 F.3d 92, 100 (1st Cir. 2006); Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004).

-3-

U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). When the motion simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration. See Ahmed, 388 F.3d at 249.

This is such a case. Consequently, disposition of this petition does not require extended discussion. Thus, we reject the petitioner's arguments out of hand, pausing only to make four brief comments.

First, we review the BIA's denial of a motion to reconsider solely for abuse of discretion. Doherty, 502 U.S. at 323-24; Abudu, 485 U.S. at 107; Onwuamaegbu v. Gonzales, 470 F.3d 405, 407 (1st Cir. 2006); see also 8 C.F.R. § 1003.2(a). This is an extremely deferential standard, under which we must uphold the BIA's decision unless that decision is "arbitrary, irrational, or contrary to law." Abdullah, 461 F.3d at 99 (citation and internal quotation marks omitted). The BIA's denial of reconsideration here does not fall within that pejorative description.

Second, the record bears out the BIA's conclusion that the petitioner's motion for reconsideration was deficient because it failed to identify any material error of law or fact in the earlier decisions. This circumstance, in and of itself, justifies the rejection of the motion. See 8 C.F.R. § 1003.2(b)(1); see also Zhao v. United States Dep't of Justice, 265 F.3d 83, 90-91 (2d Cir. 2001).

-4-

Third, the assertion that the petitioner will be exposed to persecution because he unsuccessfully sought asylum is a red herring. For one thing, that assertion was never voiced before the IJ and, thus, was not properly before the BIA. See Makhoul v. Ashcroft, 387 F.3d 75, 80 (1st Cir. 2004). For another thing, the assertion is meritless: if the mere filing of an asylum application were a ground for defeating removal, that would create a perverse incentive that would totally frustrate the government's legitimate interest in enforcement of the immigration laws.

Fourth, and finally, the petitioner's brief seems to be a thinly-veiled jeremiad bemoaning the BIA's election to affirm the IJ's order without opinion. But the BIA has the authority, under applicable regulations, to use the "affirmance without opinion" mechanism. See 8 C.F.R. §1003.1(e)(4)(i). Moreover, we have explicitly upheld the validity of that regulation, Albathani v. INS, 318 F.3d 365, 377 (1st Cir. 2003), and that holding is controlling here. The "affirmance without opinion" practice is, therefore, generally acceptable.

We need go no further. For the reasons elucidated above, we deny the petition for judicial review.

**So Ordered**.