**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1552
_____

AJIT PAL SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-762-782)
Immigration Judge:  Honorable Thomas G. Snow
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2011

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2011 )
_____

OPINION
_____

PER CURIAM

Ajit Pal Singh petitions for review of the order of the Board of Immigration

Appeals ("BIA") denying his most recent motion for reconsideration.  For the reasons

that follow, we will deny the petition.

I.

Singh is a citizen of India who entered the United States illegally in 2003 and concedes removability. He claims to have suffered past mistreatment and to fear future mistreatment on account of his religion and imputed political opinion—i.e., his Sikh religion and the Indian government's belief that he is a Sikh separatist.

Singh testified before the Immigration Judge ("IJ") that Indian police arrested and detained him seven times between April 1994 and April 2002. On all of those occasions, they questioned him about the Sikh separatist movement. On some of them, they beat him and mistreated him in other ways, including by urinating on him and throwing coffee in his face. The most troubling incident occurred in May 1995, when Singh and his cousin were arrested together. Singh was beaten and released two days later, but police beat his cousin to death and left him on the street. Singh requested withholding of removal, relief under the Convention Against Torture ("CAT"), and both conventional and humanitarian asylum.[1]

The IJ found Singh credible but denied relief. The IJ concluded that Singh had not proven past persecution because he did not corroborate his claims. The IJ also ruled that, even if Singh had proven past persecution, the Government had rebutted the resultant presumption that Singh has a well-founded fear of future persecution because the relevant

---

[1] The "humanitarian asylum" regulation permits a grant of asylum to an alien who has suffered past persecution, but who does not otherwise qualify for asylum, if the alien demonstrates "compelling reasons for being unable or unwilling to return . . . arising out of the severity of the past persecution." 8 C.F.R. § 208.13(b)(1)(iii)(A); see also Sheriff v. Att'y Gen., 587 F.3d 584, 593-94 (3d Cir. 2009) (discussing humanitarian

country reports show that conditions in India have improved (in particular, the current Prime Minister is himself a Sikh, and the most recent country reports no longer describe widespread persecution of Sikh separatists). See 8 C.F.R. § 1208.13(b)(1)(i)(A). For that reason, the IJ denied Singh's claims for withholding, relief under CAT, and conventional asylum. He did not address Singh's request for humanitarian asylum.

Singh appealed to the BIA and later filed a motion to reopen and remand on the basis of five affidavits he obtained after the IJ's decision. The affidavits were from his father and other family members and a friend, and they corroborate Singh's testimony about his past persecution. (A.R. 453-68.) Singh also submitted his own affidavit describing how he obtained them. (A.R. 450-51.) Singh stated that he first asked these five people for affidavits after the IJ denied his application and had not asked them sooner because he was afraid to endanger them by making the request. By order issued December 18, 2008, the BIA dismissed his appeal because it agreed with the IJ that conditions in India no longer pose a threat. The BIA also declined to grant humanitarian asylum. Finally, the BIA denied Singh's motion to reopen and remand on the ground that his new affidavits would not change the IJ's ruling because they went only to the issue of past persecution, which did not entitle him to relief in the face of current country conditions. The BIA did not address the affidavits in the context of Singh's claim for humanitarian asylum.

Singh did not petition for review of the BIA's December 18, 2008 rulings.

---

asylum).

Instead, he filed a motion to reconsider, arguing that the BIA erred in (1) dismissing his appeal from the IJ 's ruling for reasons he had previously argued, and (2) failing to consider his affidavits in connection with his claim for humanitarian asylum in denying reopening. On July 24, 2009, the BIA denied Singh's motion as untimely.

Singh then filed a second motion for reconsideration asking the BIA to reconsider that ruling as well. By order issued January 29, 2010, the BIA acknowledged that Singh's previous motion for reconsideration was timely and addressed it on the merits, but it ultimately declined to reconsider its December 18, 2008 rulings. The BIA recognized that Singh had requested consideration of his new affidavits in connection with his request for humanitarian asylum. It declined to reconsider its denial of reopening, however, because Singh acknowledged that the evidence was previously available to him and thus did not satisfy the standard for reopening. See 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]").[2] Singh now petitions for review of the BIA's January 29, 2010 order.

## II.

We begin, and largely end, by clarifying the scope of our review. Singh did not

---

[2] The BIA also denied a motion that Singh filed for reopening sua sponte to allow him to pursue a visa on the basis of his marriage to a United States citizen. Singh raises no issue regarding the denial of that motion on review, and we generally lack jurisdiction to review the BIA's discretionary denial of reopening sua sponte. See Calle-Vujilles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

4

petition for review of the BIA's order of December 18, 2008, dismissing his appeal of the IJ's removal order and denying his motion to reopen. Thus, we lack jurisdiction to review that underlying order. See Stone v. INS, 514 U.S. 386, 405-06 (1995); Camara v. Att'y Gen., 580 F.3d 196, 201 n.10 (3d Cir. 2009). For that reason, Singh's petition for review of the BIA's subsequent order denying reconsideration permits review only of the denial of reconsideration itself. See Xiaofeng Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009); Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir. 2006); Ahmed v. Ashcroft, 388 F.3d 247, 250-51 (7th Cir. 2004).[3] We have jurisdiction to review that ruling pursuant to 8 U.S.C. § 1252(a). See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). We review the denial of reconsideration for abuse of discretion, and may disturb it "only if it was 'arbitrary, irrational, or contrary to law.'" Id. (citation omitted). Thus, to prevail on review, Singh must show, not that the BIA erred in its December 18, 2008 rulings, but that the BIA abused its discretion in refusing to reconsider them on the basis of what Singh presented in his motion for reconsideration. See Ahmed, 388 F.3d at 249.

---

[3] In this regard, motions for reconsideration do not function in immigration agency proceedings as they do in federal court. In federal court, a timely motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure tolls the time for filing an appeal, and an appeal from the denial of such a motion thus "'brings up the underlying judgment for review.'" CTC Imports and Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 577 (3d Cir. 1991) (citation omitted). In the immigration context, by contrast, a motion for reconsideration does not toll the time to petition for review, and review of the underlying judgment and any motion declining to reconsider it must separately be sought. See Stone, 514 U.S. at 405-06. A petition for review of the BIA's subsequent denial of reconsideration thus does not bring up for review the merits of its underlying order. See id.; see also Ahmed, 388 F.3d at 250-51 (contrasting reconsideration under Rule 59(e) with reconsideration in

5

This distinction is crucial and, in this case, dispositive. As the Government points out, Singh's arguments are directed entirely to the BIA's underlying order. Indeed, the argument section of Singh's brief does not even mention the BIA's denial of reconsideration of which he petitions for review. Instead, the "brief reads as if the order he were asking us to review were not the denial of reconsideration but instead the original order affirming the immigration judge's removal order" and denying reopening. Ahmed, 388 F.3d at 249. Nowhere does Singh challenge the BIA's rationale for denying reconsideration or argue that the BIA otherwise abused its discretion in doing so.

Even if we were to construe his brief to raise such a challenge, we would reject it. Singh argued in his motion for reconsideration that the BIA erred both in dismissing his appeal and in denying reopening. The BIA did not separately address Singh's arguments directed to the dismissal of his appeal, but its silence on that point was not an abuse of discretion because Singh merely repeated the arguments he raised in his initial appeal. See Ahmed, 388 F.3d at 249 ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."). With regard to the BIA's denial of reopening, Singh acknowledged that his affidavits were available at the time of his hearing before the IJ and claimed only that he was subjectively unwilling to request them until after the IJ ruled against him. The BIA's conclusion that those affidavits were available and could have been presented at Singh's hearing thus cannot be characterized as arbitrary, irrational, or contrary to law. See 8

_____

the immigration context).

C.F.R. § 1003.2(c)(1).

Accordingly, we will deny the petition for review