Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 15-1067

LUIS ESTUARDO ORDONEZ-SANTAY,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Hans J. Bremer and Bremer Law & Associates, LLC on brief for petitioner.

Michele Y. F. Sarko, Office of Immigration Litigation, Civil Division, United States Department of Justice, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Cindy S. Ferrier, Assistant Director, on brief for respondent.

October 28, 2016

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as respondent.

**Per curiam.** Petitioner Luis Estuardo Ordonez-Santay ("Ordonez"), a native and citizen of Guatemala, asks us to review a Board of Immigration Appeals ("BIA") order denying his motion to reconsider. After careful review of the briefs and the record, we deny the petition.

## I.

Ordonez came to the United States in 2008 and was subsequently served with a Notice to Appear charging him as removable pursuant to Immigration and Nationality Act § 212(a)(6)(A)(i). In response, Ordonez sought asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").

In support of these claims, Ordonez testified that, in 2006, members of a vigilante group in his community coerced him to join them. Ordonez explained that he participated in the group's activities for two years and left Guatemala "because [he] did not feel like [he] was free there anymore." Though Ordonez was never harmed in Guatemala, he expressed fear that members of the vigilante group might kill him if he returned.

The Immigration Judge ("IJ") pretermitted Ordonez's application for asylum and denied his applications for withholding of removal and protection under the CAT. The BIA summarily affirmed the IJ's decision. Ordonez eschewed the opportunity to

seek judicial review at that time and instead moved for reconsideration. The BIA denied the motion to reconsider on the grounds that there was "no error of fact or law in [its] prior order . . . to warrant . . . reconsideration."

Ordonez filed this timely petition for review. The only decision before us is the BIA's denial of the motion to reconsider; the original order denying relief is not implicated.[1] See Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009); see also Abdullah v. Gonzales, 461 F.3d 92, 99 (1st Cir. 2006).


## II.

We review the BIA's denial of a motion to reconsider solely for abuse of discretion. Onwuamaegbu v. Gonzales, 470 F.3d 405, 407 (1st Cir. 2006). Under this highly deferential standard, we must uphold the BIA's decision unless it "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Zhang v. INS 348 F.3d 289, 293 (1st Cir. 2003) (quoting Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001)) (internal quotation marks omitted). Ordonez has advanced no argument that would warrant overturning the BIA's denial of his motion under the abuse of discretion

---

[1] We may, however, "review the underlying decision to the extent necessary to determine whether the BIA abused its discretion in denying the motion to reconsider." Liu v. Mukasey, 553 F.3d 37, 39 n.1 (1st Cir. 2009)

- 3 -

standard; in fact, his brief is notably silent on this point.  See Mana v. Gonzales, 128 F. App'x 167, 170 (1st Cir. 2005).

The record bears out the BIA's conclusion that Ordonez's motion for reconsideration was deficient because it failed to identify any material error of law or fact in the earlier decisions.  See Liu, 553 F.3d at 39.  When, as here, a movant simply rehashes contentions previously made and rejected, he has no legal basis to insist upon reconsideration.  See id.; see also Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

Finally, we note that Ordonez's appellate brief focuses entirely on showing that he "satisfied his burden of demonstrating that he will more likely than not face persecution [based on a protected ground] . . . if he returns to Guatemala, thus qualifying him for withholding of removal."  Ordonez cannot use the motion for reconsideration as a vehicle for a belated appeal from the order of removal.  See Mana, 128 F. App'x at 169-170.

## III.

For the reasons stated, the petition is **DENIED**.