# United States Court of Appeals
## For the First Circuit

No. 17-1855

MARK KWADWO KUFFOUR,

Petitioner,

v.

JEFFERSON B. SESSIONS III,
United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lipez, and Barron,
Circuit Judges.

Taryn Pleva and the Law Offices of Jan Allen Reiner on brief
for petitioner.
Chad A. Readler, Acting Assistant Attorney General, Civil
Division, Anthony P. Nicastro, Assistant Director, Office of
Immigration Litigation, and Sabatino F. Leo, Trial Attorney,
Office of Immigration Litigation, Civil Division, on brief for
respondent.

October 26, 2018

**LIPEZ**, **Circuit Judge**.  Petitioner Mark Kwadwo Kuffour challenges the Board of Immigration Appeals' ("BIA" or "Board") denial of his motion to reconsider its order refusing to reopen his case.  Finding no abuse of discretion, we deny his petition for review.

## I.

Kuffour is a citizen of Ghana who unlawfully entered the United States in 1997.  In July 2009, he was served with a notice to appear charging him with removability.  Kuffour engaged attorney Obadan Iziokhai, who submitted pleadings on his behalf seeking cancellation of removal based on hardship to his U.S.-citizen daughter and voluntary departure.  See 8 U.S.C. §§ 1229b(b), 1229c(b).  However, Iziokhai withdrew from representing Kuffour at the start of his March 2014 removal hearing, and Kuffour proceeded at the hearing pro se.

The Immigration Judge ("IJ") denied Kuffour's request for cancellation of removal on the ground that he had not shown that his daughter would suffer the requisite "exceptional and extremely unusual hardship" to justify that relief.  See id. § 1229b(b)(1)(D).  The IJ also denied voluntary departure.  Kuffour then hired attorney Randy Feldman to assist him in filing an appeal to the BIA.

Before the BIA, Kuffour challenged the IJ's voluntary departure ruling and asked, based on an executive order, that the

Board administratively close his proceedings. He did not appeal the denial of cancellation of removal. The BIA affirmed the IJ's denial of voluntary departure and declined to administratively close the proceedings. Kuffour once again obtained new counsel and moved to reopen the proceedings based on the asserted ineffective assistance of his two previous attorneys. Kuffour claimed that the attorneys' deficient representation had "eliminated [his] right to pursue his application for Cancellation of Removal and thereby[] to potentially remain in the United States if his application was granted." Kuffour claimed that, but for the ineffective assistance, he would have provided documents showing his eligibility for cancellation of removal; however, he did not submit such documents with the motion to reopen.

In denying the motion to reopen, the BIA observed that Kuffour had "proffered no evidence in support of his asserted eligibility for either cancellation of removal . . . or . . . voluntary departure" and, hence, had failed to show "patent error or prejudice." The BIA also found that the motion did not comply with the procedural requirements for bringing an ineffective assistance of counsel claim in immigration proceedings. See Punzalan v. Holder, 575 F.3d 107, 109 n.1 (1st Cir. 2009); Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988).

Kuffour did not file a petition for review of that decision, but he instead sought reconsideration from the BIA. In

- 3 -

his motion to reconsider, Kuffour asserted that the BIA made factual errors when it concluded that he had neither proven eligibility for cancellation of removal nor shown ineffective assistance of counsel. He further claimed that the BIA "made a mistake of fact and law" when it concluded that he had not satisfied the procedural requirements for an ineffective assistance claim.

The BIA denied the motion to reconsider. It observed, inter alia, that Kuffour "does not identify any prior argument presented on appeal that was overlooked by the Board[;] nor does [he] identify any error of law or fact in the [original] decision based on the record then before the Board." The BIA also reiterated that Kuffour had not complied with the procedural requirements for filing an ineffective assistance claim. This petition for review followed.

## II.

We review the BIA's denial of a motion to reconsider for abuse of discretion. See, e.g., Muyubisnay-Cungachi v. Holder, 734 F.3d 66, 70 (1st Cir. 2013). Under this deferential standard, we will "uphold the BIA's decision unless that decision is 'arbitrary, irrational, or contrary to law.'" Liu v. Mukasey, 553 F.3d 37, 40 (1st Cir. 2009) (quoting Abdullah v. Gonzales, 461 F.3d 92, 99 (1st Cir. 2006)).

A motion to reconsider is "intended only to cure errors (factual or legal) in the prior BIA decision." Martinez-Lopez v. Holder, 704 F.3d 169, 172 (1st Cir. 2013) (discussing 8 U.S.C. § 1229a(c)(6)). Such a motion must therefore specify the asserted errors, 8 C.F.R. § 1003.2(b)(1), and not merely "regurgitate[] contentions that were previously made and rejected." Liu, 553 F.3d at 39; see also In re O-S-G-, 24 I. & N. Dec. 56, 58 (BIA 2006) ("[A] motion to reconsider is not a process by which a party may submit, in essence, the same brief presented on appeal and seek reconsideration by generally alleging error in the prior Board decision."). A motion to reconsider is also not the proper vehicle for introducing new facts; reconsideration "contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence." In re O-S-G-, 24 I. & N. Dec. at 57-58; see also 8 C.F.R. § 1003.2(c).

Accordingly, our task is not to examine the merits of Kuffour's ineffective assistance claim to determine whether the BIA correctly denied his motion to reconsider based on that claim.[1] Rather, we evaluate only whether the BIA abused its discretion in denying the motion on the ground that Kuffour failed to identify

---

[1] The original denial of the motion to reopen is not before us because, as noted above, Kuffour did not file a petition for review of that decision.

- 5 -

a specific legal or factual error in the BIA's original adjudication of his motion to reopen. Liu, 553 F.3d at 39.

We find no such abuse of discretion. In his motion to reconsider, Kuffour asserted that the BIA erred in refusing to reopen his proceedings, but he supported that assertion only by reiterating the same arguments that the BIA previously had considered and rejected. He did not point to specific errors in the BIA's assessment of his contentions. Although Kuffour submitted new documents with his motion that might have been relevant to his eligibility for cancellation of removal, those new materials -- as noted above -- could not be added to the record at that stage of the proceedings. Without identifying an error of law or fact in the BIA's denial of reconsideration based on the record then before the agency, Kuffour's motion cannot succeed.

Finally, we need not consider whether Kuffour's motion to reconsider properly specified errors in the BIA's ruling that he failed to comply with the procedural requirements for an ineffective assistance claim. Because Kuffour has not shown that the BIA abused its discretion in refusing to revisit the motion to reopen based on the merits of the ineffective assistance claim, its determination on the procedural issue is of no consequence.[2]

---

[2] Kuffour's petition for review also appears to claim error in the BIA's refusal to reconsider its denial of the motion to reopen proceedings based on the IJ's "misconduct" in allowing

## III.

For the foregoing reasons, the BIA did not abuse its discretion in rejecting Kuffour's motion to reconsider.  We thus deny the petition for review.

So ordered.

---

Iziokhai to withdraw on the day of his hearing.  Among other flaws with such a claim, Kuffour did not seek reopening on that basis.