**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 19-1402

MONICA NOLASCO-YOK,

Petitioner,

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Lynch and Lipez, Circuit Judges.

Daniel T. Welch, with whom Kevin MacMurray and MacMurray & Associates were on brief, for petitioner.

Rachel Browning, with whom Joseph H. Hunt, Assistant Attorney General, Civil Division, Jessica E. Sherman, Senior Litigation Counsel, Office of Immigration Litigation, and Juria L. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, were on brief, for respondent.

February 26, 2020

**LIPEZ, Circuit Judge**.  Monica Nolasco-Yok petitions for review of a ruling by the Board of Immigration Appeals ("BIA") declining to reconsider its decision affirming denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture.  Our review is governed by the "extremely deferential" abuse-of-discretion standard, under which we must uphold the BIA's decision unless it is "arbitrary, irrational, or contrary to law."  See Liu v. Mukasey, 553 F.3d 37, 40 (1st Cir. 2009) (quoting Abdullah v. Gonzales, 461 F.3d 92, 99 (1st Cir. 2006)).  Finding none of those attributes in the BIA's decision, we deny the petition for review.

We recount the facts relevant to our disposition.  Nolasco-Yok is a native and citizen of Guatemala who entered the United States without inspection or admission in 2014.  After the Department of Homeland Security initiated removal proceedings against her, Nolasco-Yok filed an application for relief from removal.  Her application asserted that she had been persecuted by gang members in Guatemala on the basis of her membership in her nuclear family, a protected social group.[1]  She submitted a sworn

---

[1] Nolasco-Yok argues extensively in her petition that Matter of L-E-A-, 27 I. & N. Dec. 581 (A.G. 2019), a recent decision that arguably calls into question the cognizability of certain family-based asylum claims, is not binding on this court.  This argument is irrelevant because neither the BIA nor the IJ relied on Matter of L-E-A-, and both assumed that family constitutes a particular social group under the Immigration & Nationality Act.  The government has also disclaimed any reliance on Matter of L-E-A-.

declaration stating that the gang threatened her as retaliation for her sister's refusal to join the gang, even after her sister was raped and threatened by members of the gang.

However, at her merits hearing, Nolasco-Yok told a different story: on four occasions, her attorney asked her why the gang members had threatened her, and all four times she stated that their threats were designed to recruit her to help them sell drugs. Nolasco-Yok did testify, consistent with her declaration, that her sister had been raped by gang members in Guatemala who sought to recruit her sister to the gang, but not once did she state that her family membership was the reason for her persecution. No witnesses other than Nolasco-Yok testified at the hearing or supplied affidavits.

The Immigration Judge ("IJ") assumed Nolasco-Yok to be a credible witness, but in light of her oral testimony, concluded that she had not demonstrated that her family membership constituted a "central reason" for the gang's threats. In her discussion of Nolasco-Yok's hearing testimony, the IJ stated that gang members raped her sister and that they tried to recruit both Nolasco-Yok and her sister to the gang. The IJ did not mention the order in which the recruitment efforts and the rape of Nolasco-Yok's sister occurred.

The BIA affirmed the IJ's decision in a brief opinion that adopted the IJ's factual findings and legal reasoning. The

BIA's opinion recounted the IJ's description of Nolasco-Yok's testimony as follows:

> The Immigration Judge assumed that the respondent was a credible witness, and she testified that while living in Guatemala, gang members told her and her sister that if they did not join their gang, the gang would kill them (IJ at 4). The respondent's sister was subsequently raped by gang members, and both the respondent and her sister continued to receive written death threats from the gang (IJ at 4-5).

Nolasco-Yok filed a motion for reconsideration, focusing primarily on the timeline of events related to her sister's rape.[2] First, she asserted that the IJ's decision granted insufficient weight to the fact that gang members raped her sister before they began threatening Nolasco-Yok. By her logic, adequate consideration of that order of events would have lent credence to her argument that the gang threatened her as retaliation for her sister's refusal to join the gang. Then, Nolasco-Yok argued that the BIA's decision exacerbated that deficiency by actually distorting the timeline of events by stating that her sister was raped after the threats began against Nolasco-Yok.

The BIA issued an order acknowledging the error but denying reconsideration on that basis. Specifically, the BIA

---

[2] Nolasco-Yok's motion for reconsideration also asserted that the BIA applied the wrong standard of proof to her asserted fear of future persecution. She does not pursue this issue in her petition.

concluded that the timeline, even properly construed, was insufficient to overcome Nolasco-Yok's hearing testimony that the gang targeted her because they wanted her to join them, not because of her family status. Nolasco-Yok asserts that the BIA's failure to substantively correct for this error was an abuse of discretion.

We disagree. The IJ's decision to accord more weight to Nolasco-Yok's own explanation for the gang's threats than any alternative explanation that could be derived from the timeline was within its discretion as the factfinder. See Pan v. Gonzales, 489 F.3d 80, 87 (1st Cir. 2007) ("So long as the IJ has given reasoned consideration to the evidence as a whole, made supportable findings, and adequately explained her reasoning, no more is exigible."). That is true even though the timeline arguably supported other evidence submitted by Nolasco-Yok -- namely her application and sworn declaration -- because the IJ was likewise entitled to discount the value of those uncorroborated written submissions and accord more weight to Nolasco-Yok's oral testimony. See Avelar Gonzalez v. Whitaker, 908 F.3d 820, 826–27 (1st Cir. 2018) (holding that even in the absence of an adverse credibility finding, a court may accord less weight to uncorroborated evidence submitted by an asylum applicant); see also Muñoz-Monsalve v. Mukasey, 551 F.3d 1, 8 (1st Cir. 2008) (explaining that an IJ may give different weight to different pieces of evidence).

In other words, in light of Nolasco-Yok's hearing testimony, the IJ's failure to specify the timeline, and the BIA's subsequent error with respect to it, did not matter. Nolasco-Yok simply did not make her case that she was persecuted because of her relationship to her sister, i.e., on the basis of her family membership. Hence, neither the IJ nor the BIA was required to conduct a mixed motive analysis -- there was no need to assess whether family membership was a central reason for Nolasco-Yok's persecution when the IJ and BIA both properly concluded that it was not a reason at all. Even so, to the extent the IJ and BIA referred to the mixed motive doctrine, both clearly understood that family membership only had to be a central reason for Nolasco-Yok's persecution.

Accordingly, we cannot say that the BIA's denial of Nolasco-Yok's motion to reconsider was an abuse of discretion.

Nolasco-Yok's petition is therefore denied.