# United States Court of Appeals
## For the First Circuit

No. 23-1241

EDWIN KURNIAWAN TULUNG, ELIZABETH ANGELIA KARAUWAN,
ENRICO GERALDWIN TULUNG,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Kayatta, Selya, and Howard,
<u>Circuit Judges</u>.

William A. Hahn, with whom Hahn & Matkov was on brief, for petitioner.
Corey L. Farrell, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, with whom Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, and Sabatino F. Leo, Assistant Director, Office of Immigration Litigation, were on brief, for respondent.

May 21, 2024

**HOWARD**, **Circuit Judge**. Petitioners challenge the Board of Immigration Appeals' (BIA) denial of their consolidated motions to reopen, reconsider, and amend. The BIA correctly disposed of the procedurally improper motion to amend and the substantively deficient motion to reconsider. We thus deny in part the petition for review and affirm the denials of the motions to reconsider and amend. But in reviewing the motion to reopen, the BIA discarded evidence -- without considering its merits -- on legally unjustifiable bases. The BIA retains wide latitude to weigh such evidence but may not ignore it based on legal error. Resultingly, we grant in part the petition for review, vacate the denial of the motion to reopen, and remand for further proceedings.

I.

Fearing persecution on account of their Christian faith, spouses Edwin Kurniawan Tulung and Elizabeth Angelia Karauwan fled Indonesia with their one-year-old son, Enrico Geraldwin Tulung, in 2004. The family, all Indonesian citizens, entered the United States on tourist visas. Edwin, for himself and on behalf of his wife and son, filed applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). An Immigration Judge denied the application in 2009, and two years later the BIA affirmed, reasoning that past harm did not rise to the level of persecution and that future persecution was

not sufficiently likely.  We denied the Tulungs'[1] petition for review in 2012.

The Tulungs filed their first motion to reopen based on changed country conditions two years later.  The BIA denied the motion, explaining that the Tulungs' evidence of changed conditions in Indonesia was speculative.  The Tulungs did not appeal.

The Tulungs filed their second motion to reopen based on changed country conditions in 2020.  The BIA denied the motion on two grounds in June 2022.  First, the BIA noted that the Tulungs had not submitted updated applications for protection or relief, as required by 8 C.F.R. § 1003.2(c)(1).  Second, the BIA concluded that the Tulungs had not demonstrated that country conditions had materially changed since the 2014 denial of their first motion to reopen.  The Tulungs again did not seek judicial review.

Instead, the Tulungs filed the three consolidated motions that are the subjects of this appeal.  These motions, submitted in July 2022, included (i) a third motion to reopen, (ii) a motion to reconsider the denial of the second motion to reopen, and (iii) a motion to amend the second motion to reopen. In their third motion to reopen, the Tulungs submitted new evidence

---

[1] In the interest of concision -- but with apologies to Elizabeth -- we refer to Edwin, Elizabeth, and Enrico collectively as the Tulungs.

- 3 -

of changed conditions in Indonesia and, this time, updated applications for protection and relief.[2]  In their motion to reconsider, the Tulungs asked the BIA to reconsider its denial of their second motion to reopen because recent BIA decisions finding changed conditions in Indonesia demonstrated that the denial of the second motion to reopen was erroneous.  In their motion to amend, the Tulungs asked the BIA to allow them to amend their second motion to reopen by adding to it all the evidence discussed in their consolidated motions to reopen and reconsider.

The BIA denied the third motion to reopen for three reasons: First, the new evidence "describe[d] country conditions as they existed prior to" the second motion to reopen.  Second, the new evidence was "cumulative of the evidence already submitted with the prior motion to reopen."  Third, the Tulungs did not show that information in the updated applications and declaration "was previously unavailable when they filed their prior motion to reopen."  The BIA denied the motion to reconsider because the Tulungs failed to challenge an independently dispositive ground for the BIA's denial of their second motion to reopen, because the

_____

[2] The Tulungs' changed-conditions evidence included copies of recent BIA decisions finding changed conditions in Indonesia, an updated statement from Edwin, internet traffic threatening other Indonesian asylum applicants, a U.S. government report on religious freedom in Indonesia, and several articles detailing church closings, bombings, and other acts of violence directed at Christian Indonesians.

- 4 -

recent BIA decisions could have been raised previously, and because the recent decisions did not demonstrate an error of law or fact. The BIA did not address the motion to amend. The Tulungs appealed the denial of all three motions.

## II.

The Immigration and Nationality Act generally limits petitioners to a single motion to reopen filed within ninety days of a removal order. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); see 8 C.F.R. § 1003.2(c)(2). But otherwise untimely and number-barred motions to reopen may succeed if petitioners satisfy two requirements. See Cabas v. Barr, 928 F.3d 177, 180-81 (1st Cir. 2019); 8 C.F.R. § 1003.2(c)(3)(ii).[3] First, petitioners must establish changed conditions in their homeland. 8 U.S.C. § 1229a(c)(7)(C)(ii); see Garcia-Aguilar v. Whitaker, 913 F.3d 215, 218 (1st Cir. 2019). Second, they must make a prima facie case of eligibility for substantive relief. See Garcia-Aguilar, 913 F.3d at 218; Cabas, 928 F.3d at 181.

To establish changed conditions, petitioners must demonstrate that country conditions have "intensified or deteriorated" since their merits hearing. Cabas, 928 F.3d at 181

---

[3] Because the government conceded in its brief and at oral argument that motions to reopen based on changed conditions are not subject to the statutory number bar, we need not address this issue further. But cf. Djie v. Garland, 39 F.4th 280, 284 (5th Cir. 2022) (invalidating 8 C.F.R. § 1003.2(c)(3)'s exception to 8 U.S.C. § 1229a(c)(7)(A)'s number bar as arbitrary and capricious).

(quoting Sihotang v. Sessions, 900 F.3d 46, 50 (1st Cir. 2018));

Garcia-Aguilar, 913 F.3d at 218 (clarifying that changed conditions must represent "more than a continuation of previously existing conditions").  The evidence presented must be material and unavailable at the time of the merits hearing.  Sihotang, 900 F.3d at 50; see 8 C.F.R. § 1003.2(c)(1).

The BIA disregarded the changed-conditions evidence in the Tulungs' third and final motion to reopen because the evidence described conditions prior to, was cumulative of, and was available at the time of their second motion to reopen.  Because the BIA dismissed the Tulungs' third motion to reopen for failure to establish changed conditions, it did not address whether the Tulungs had made prima facie cases for asylum, withholding of removal, or CAT protection.

Motions to reopen pose a threat to finality and efficiency, so we review the BIA's denials of them for abuse of discretion.  Nantume v. Barr, 931 F.3d 35, 38 (1st Cir. 2019); Sihotang, 900 F.3d at 49-50.  Though highly deferential, this standard is "not [a] toothless one."  Perera v. Holder, 750 F.3d 25, 28 (1st Cir. 2014) (alteration in original) (internal quotations omitted) (quoting Aponte v. Holder, 610 F.3d 1, 4 (1st Cir. 2010)); see also Sihotang, 900 F.3d at 48.  The Tulungs may prevail on appeal if they demonstrate that the BIA either "exercised its judgment in an arbitrary, capricious, or irrational

manner" or "committed an error of law."  Sihotang, 900 F.3d at 50 (quoting Bbale v. Lynch, 840 F.3d 63, 66 (1st Cir. 2016)).  We conclude the BIA committed an error of law here.

We have stated, time and again, that the BIA must compare "the evidence of country conditions submitted with [a] motion [to reopen] to those that existed at the time of the merits hearing."[4] Molina v. Barr, 952 F.3d 25, 31 (1st Cir. 2020) (emphasis added) (quoting Haizem Liu v. Holder, 727 F.3d 53, 57 (1st Cir. 2013)); Liu Jin Lin v. Barr, 944 F.3d 57, 61 (1st Cir. 2019); Nantume, 931 F.3d at 38; Twum v. Barr, 930 F.3d 10, 20 (1st Cir. 2019); Wanjiku v. Barr, 918 F.3d 215, 220 (1st Cir. 2019);  Sihotang, 900 F.3d at 50; Sánchez-Romero v. Sessions, 865 F.3d 43, 45 (1st Cir. 2017); Xin Qiang Liu v. Lynch, 802 F.3d 69, 76 (1st Cir. 2015).  The BIA should be especially familiar with this requirement, as it comes from BIA precedent.  See In re S-Y-G-, 24 I&N Dec. 247, 253 (BIA 2007); cf. 8 C.F.R. § 1003.1(g) (requiring BIA to follow its own precedent). The BIA cannot ignore evidence merely because the evidence describes conditions as they existed prior to a previous motion to reopen.

---

[4] This precedent is strong enough that the government concedes it, noting that the BIA's chosen comparator "is in tension with caselaw holding that, '[i]n evaluating changed conditions, the BIA compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing.'"

Nor can the BIA disregard evidence because it is "cumulative" of evidence submitted in a prior motion to reopen. When the BIA describes evidence as "cumulative," we interpret the agency "to conclude that [the evidence] demonstrates the continuation" of country conditions.[5] Sugiarto v. Holder, 761 F.3d 102, 104 (1st Cir. 2014) (emphasis added). But, again, the BIA must assess whether evidence suggests a continuation of, rather than a deterioration of, country conditions "between the time of [the] merits hearing and [the] motion to reopen." Cabas, 928 F.3d at 181; see Sánchez-Romero, 865 F.3d at 45-46. This principle holds for both first-time and subsequent motions to reopen. See Nantume, 931 F.3d at 39 (comparing evidence in second motion to reopen to evidence from original merits hearing); Xiao He Chen v. Lynch, 825 F.3d 83, 86-87 (1st Cir. 2016) (same); Xin Qiang Liu, 802 F.3d at 72-73, 75-76 (same); Perera, 750 F.3d at 29 (same). Nothing in our caselaw suggests that the BIA can or should compare changed-conditions evidence from a new motion to reopen to evidence from an old motion to reopen, as the BIA here did.

Nor, finally, can the BIA disregard evidence because the evidence was available at the time of a prior motion to reopen.

---

[5] Even if the BIA intends "cumulative" to stand for something other than "continuous," cumulative evidence must be cumulative of some other evidence. This leaves the BIA in the same untenable position: arguing that evidence from a prior motion to reopen, rather than evidence from the original merits hearing, is the relevant comparator.

We require motions to reopen, including successive motions to reopen, to contain evidence that was unavailable at the time of the merits hearing. See Nantume, 931 F.3d at 38-39; Perera, 750 F.3d at 29. Regulatory text supports this well-established principle. The relevant regulation, 8 C.F.R. § 1003.2(c)(3)(ii), requires petitioners to show that their changed-conditions evidence was unavailable at their "hearing," and the regulation consistently refers to merits proceedings as "hearings." Unsurprisingly, but tellingly, the regulation reliably refers to motions to reopen as "motions." See, e.g., id. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted."). Changed-conditions evidence must have been unavailable at the time of the merits hearing, but its availability at the time of a prior motion to reopen is immaterial.

In sum, the relevant evidentiary comparator for changed country conditions is the original merits hearing, not a previous motion to reopen. This principle has solid foundations in caselaw and regulatory text. It also makes good sense. If we allowed the evidentiary comparator to be a prior motion to reopen, the time gap between motions would significantly and arbitrarily affect changed-conditions determinations. Imagine a petitioner who applies for asylum based on a single instance of harassment. After the BIA denies the original merits petition, similarly situated

- 9 -

individuals in the petitioner's country of origin are subject to the same harassment each year. If the relevant comparator for changed-conditions evidence is the previous motion to reopen, a petitioner who files a motion to reopen each year cannot demonstrate deterioration of conditions, regardless of how many years the harassment continues. But clearly conditions have changed; while harassment was once an isolated occurrence, it is now regular. As long as 8 C.F.R. § 1003.2(c)(3)(ii) permits multiple motions to reopen, new evidence must be compared to evidence at the time of the original merits hearing.

While the BIA has broad discretion to weigh evidence, it may not ignore swaths of the record on legally unjustifiable bases. When it does so, we must remand the issue to the BIA for reconsideration under the proper legal framework.

### III.

The BIA's denials of the Tulungs' motions to reconsider and amend contain no comparable error. A motion to reconsider requires a petitioner to identify specific factual or legal error in the prior decision. See Kuffour v. Sessions, 907 F.3d 112, 114 (1st Cir. 2018). The Tulungs argue that the BIA erred in denying their second motion to reopen because several recent BIA decisions have granted Indonesian-Christian petitioners' motions to reopen based on changed conditions. But these unpublished BIA decisions carry no precedential value, see Cardona v. Sessions, 848 F.3d

- 10 -

519, 523 n.5 (1st Cir. 2017), and are not a representative sample of changed-conditions cases involving Indonesian Christians, see, e.g., Kuncoro v. Garland, 849 F. App'x 21, 21 (2d Cir. 2021) (summary order). In any case, the Tulungs do not attempt to establish that they are similarly situated to the petitioners in the cited cases. See Morgan v. Holder, 634 F.3d 53, 61 (1st Cir. 2011) ("Asylum cases, virtually by definition, call for individualized determinations.").[6] Lacking legal or factual error, the Tulungs' motion to reconsider has no basis.

A motion to amend, even more simply, is not the proper procedural tool through which the Tulungs may seek reexamination of the denial of a motion to reopen. See 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b). The Tulungs' motion to amend is most charitably construed as a motion to reconsider, which the BIA properly addressed and denied.

\*\*\*

For all these reasons, we deny in part the petition for review and affirm the BIA's denial of the consolidated motions to reconsider and amend. We also grant in part the petition for

---

[6] Nor do the Tulungs address the BIA's finding that the motion to reconsider failed to challenge an independently dispositive ground for the BIA's denial of their second motion to reopen -- specifically, that the Tulungs "did not submit appropriate applications for relief." They thus waive any objection to the BIA's denial of their motion to reconsider on this basis. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

review, vacate the BIA's denial of the motion to reopen, and remand for further proceedings.